1   ADAM J. KARR (S.B. #212288)
    akarr@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone:   (213) 430-6000
4   Facsimile:    (213) 430-6407

5   SUSANNAH K. HOWARD (S.B. #291326)
    O'MELVENY & MYERS LLP
6   Two Embarcadero Center, 28th Floor
    San Francisco, California 94111-3823
7   Telephone:   (415) 984-8700
    Facsimile:    (415) 984-8701

8
    ALLAN W. GUSTIN (S.B. #305784)
9   agustin@omm.com
    O'MELVENY & MYERS LLP
10  610 Newport Center Drive, 17th Floor
    Newport Beach, California  92660-6429
11  Telephone:   (949) 823-6900
    Facsimile:    (949) 823-6994

12
    Attorneys for Defendant
13  BETTER MORTGAGE CORPORATION

14              **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16                   **SOUTHERN DIVISION**

17  LORENZO DOMINGUEZ, individually,      Case No. 8:20-CV-01784-JLS-KES
    on behalf of others similarly situated, and
18  on behalf of the general public,       **DEFENDANT BETTER**
                                           **MORTGAGE CORPORATION'S**
19              Plaintiff,                 **UNOPPOSED NOTICE OF**
                                           **MOTION AND MOTION TO SET**
20      v.                                 **ASIDE ENTRY OF DEFAULT**

21  Better Mortgage Corporation,          Complaint filed:     Sept. 18, 2020

22              Defendant.                 Hearing Date:       Sept. 10, 2021
                                           Hearing Time:       10:30 a.m.
23                                         Courtroom:          10A

24                                         **Honorable Josephine L. Staton**

25

26

27

28

**TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on September 10, 2021 at 10:30 a.m., Defendant Better Mortgage Corporation ("Better") will move, and hereby does move, the Court for an order pursuant to Federal Rule of Civil Procedure 55(c) to vacate and set aside the entry of default entered as to Better on October 27, 2020 (Dkt. No. 18).

This motion to vacate and set aside the entry of default is made on good cause shown that Better has meritorious defenses to the action, including that Plaintiff and other mortgage underwriters were properly classified as exempt employees; Better's failure to respond was inadvertent and due to innocent human error; and there is no potential prejudice to Plaintiff Lorenzo Dominguez ("Plaintiff").

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Andrew Bauer, the files in the action and on such additional submissions and argument as may be presented at or before the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 31, 2021.  On April 8, 2021, Plaintiff's counsel informed Better that Plaintiff does not oppose this Motion.

Dated:   April 8, 2021.

O'MELVENY & MYERS LLP
ADAM J. KARR
SUSANNAH K. HOWARD
ALLAN W. GUSTIN


By:   _/s/ Adam J. Karr_
Adam J. Karr

Attorneys for Defendant Better Mortgage Corporation

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.    INTRODUCTION. .................................................................................. 1

II.   BACKGROUND. ...................................................................................... 2

    A.    Procedural History Demonstrates that Better's Default was Inadvertent. ................................................................ 3

    B.    Plaintiff's Lawsuit Incorrectly Presumes That Better's Underwriters are Non-Exempt Employees. ......................... 3

    C.    Better's Underwriters Exercise Broad Discretion and Independent Judgment to Improve the Mortgage Process for Customers ........................................................ 4

III.  ARGUMENT. ......................................................................................... 5

    A.    Plaintiff Was Not Prejudiced by Better's Default. ............. 6

    B.    Better Has Meritorious Defenses To This Action. ............. 7

    C.    The Entry of Default Was Not The Result of Culpable Conduct. ........................................................ 9

    D.    Each Relevant Factor Weighs in Favor of Vacating the Entry of Default. ........................................................ 10

IV.   CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Avilez v. Pinkerton Gov. Servs., Inc.*,
596 F. App'x 579 (9th Cir. 2015) ........................................................ 8

*Bateman v. U.S. Postal Serv.*,
231 F.3d 1220 (9th Cir. 2000) ............................................................ 9

*Brandt v. Am. Bankers Ins. Co. of Fla.*,
653 F.3d 1108 (9th Cir. 2011) ...................................................... 5, 10

*Buendia v. Boulet*,
No. 8:19-cv-01442-JLS-DFM, 2020 WL 8464416 (C.D. Cal. Dec.
16, 2020) ........................................................................................... 9

*Campbell v. City of Los Angeles*,
903 F.3d 1090 (9th Cir. 2018) ............................................................ 8

*Chindarah v. Pick Up Stix, Inc.*,
171 Cal. App. 4th 796 (2009) ............................................................ 8

*Falk v. Allen*,
739 F.2d 461 (9th Cir. 1984) ............................................................. 5

*In re Verity Health Sys. of Cal., Inc.*,
No. 2:18-BK-20151-ER, 2019 WL 2461688 (Bankr. C.D. Cal. June
11, 2019) ........................................................................................... 8

*In re JPMorgan Chase & Co.*,
916 F.3d 494 (5th Cir. 2019) ............................................................. 8

*J & J Sports Prods., Inc. v. Nguyen*,
No. 5:11 Civ. 01166-EJD, 2011 WL 6294332 (N.D. Cal. Dec. 14,
2011) ................................................................................................. 7

*McLaren Auto., Inc. v. Shaoo*,
No. 2:19-CV-06966-RGK-JC, 2020 WL 8184068 (C.D. Cal. Feb.
14, 2020) ........................................................................................... 6

*MS Int'l v. BR Constr. and Stone, Inc.*,
No. SACV 14-267 JLS (ANx), 2014 WL 12691085 (C.D. Cal. May
9, 2014) ............................................................................................. 9

*Olson v. Sperry*,
No. 2:14 Civ. 07901-ODW-AS, 2015 WL 300410 (C.D. Cal. Jan.
22, 2015) ........................................................................................... 6

*RLI Ins. Comp. v. Saybrook*,
No. 16-5411-SVW, 2016 WL 9308017 (C.D. Cal. Nov. 3, 2016) ...... 9

*Ruyan Inv. Holdings Ltd. v. Logic Tech. Dev. LLC*,
No. CV125482GAFFFMX, 2012 WL 13014608 (C.D. Cal. Oct. 17,
2012) ............................................................................................... 11

*Solera Oak Valley Greens Ass'n v. Liberty Ins. Underwriters Inc.*,
No. 5:17-CV-1972-JLS-E, 2017 WL 10439123 (C.D. Cal. Dec. 13,
2017) ........................................................................................... 9, 10

*TCI Grp. Life Ins. Plan v. Knoebber*,
244 F.3d 691 (9th Cir. 2001) ..................................................... 5, 6, 7, 9

*Thompson v. Am. Home Assur. Co.*,
95 F.3d 429 (6th Cir. 1996) ............................................................... 6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*U.S. Fire Ins. Co. v. Uribe Trucking, Inc.*,
No. SACV 11-54-JST (MLGx), 2012 WL 12960638 (C.D. Cal.
Apr. 26, 2012).................................................................... 10

*U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*,
615 F.3d 1085 (9th Cir. 2010)....................................... 5, 6, 7

*Vann v. Aurora Loan Servs. LLC*,
No. 10-CV-04736-LHK, 2011 WL 1002093 (N.D. Cal. Mar. 21,
2011)........................................................................... 7

### RULES

Fed. R. Civ. P. 55(c) ....................................................... 5

### REGULATIONS

29 C.F.R. § 541.601(a) ..................................................... 8

29 C.F.R. § 541.601(c) ..................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION.**

Defendant Better Mortgage Corp. ("Better") brings this unopposed motion so that it can expeditiously defend this action, in accordance with the strong federal policy of adjudicating disputes on their merits.  Better's default in this action was inadvertent.  Better and its former external counsel had a miscommunication regarding whether Better had been served in this action.  As a consequence, Better's external counsel had not been monitoring the docket daily and with respect to this default, did not check the docket in this action until October 27, 2020—the day the clerk entered this default against Better.  Upon realizing that Better had mistakenly failed to answer Plaintiff Lorenzo Dominguez's ("Plaintiff" or "Dominguez") complaint, Better immediately reached out to counsel for Plaintiff and worked to remedy its default.  Better's actions since this default—including appearing by counsel upon realizing its default, conferring with Plaintiff's counsel regarding potential early resolution, attending early mediation, and retaining new counsel— demonstrate that Better's default was inadvertent, and not culpable.

Courts weigh three factors when assessing whether "good cause" exists to set aside a default under Federal Rule of Civil Procedure 55(c), all of which heavily favor Better: (i) whether Plaintiff has been prejudiced by the default; (ii) whether Defendant has a potentially meritorious defense; and (iii) whether Defendant was culpable in defaulting.  Here, each factor favors vacating the default.

- **Prejudice:**  The nine-day delay between the deadline to answer (October 19, 2020) and the initial appearance of Better's attorneys (October 28, 2020) cannot satisfy the requisite prejudice to Plaintiff, as a matter of law, *see infra*, III.A.

- **Meritorious Defense:**  Defendants have many meritorious defenses to Plaintiff's wage and hour claims; most importantly, that Better's underwriters are properly treated as exempt employees under both federal and California

law, *see infra,* III.B.

- **Culpability:**  Better has engaged in no tactics suggesting a devious, deliberate, willful, or bad faith failure to respond.  To the contrary, Better acted quickly to remedy its failure to respond after discovering its inadvertent error, and has cooperated in good faith with efforts to resolve this matter through mediation.  Indeed, it makes little sense that Better would "tactically" default and risk having judgment entered against it in putative class action litigation for no apparent benefit, only to appear shortly after its initial default, *see infra,* III.C.

Federal policy *strongly* favors adjudicating disputes on their merits and, in all but extreme cases, disputes should be decided on their merits, not by one party's oversights.  This is no extreme case.  Defendants respectfully request, therefore, that the Court grant this motion and vacate the clerk's October 27, 2020 entry of default (ECF No. 18).[1]

## II.    BACKGROUND.

Better is a young but rapidly growing innovator in the mortgage origination space.  Better is always innovating to improve the mortgage process and experience for its customers.  One such improvement is empowering underwriters to exercise broad discretion in the performance of their duties.  In assuming that Better's underwriters are the same as all other loan underwriters industry-wide, and exercise no independent judgment or discretion, Plaintiff's approach to this action misses the mark.  Because of its innovative business practices, Better is confident in its ability to prevail on the merits.  Better would not intentionally default and did not prejudice Plaintiff.

---

[1] "ECF No." refers to documents filed in this case by their electronic case filing number.

**A.      Procedural History Demonstrates that Better's Default was Inadvertent.**

Better retained Constangy Brooks, Smith & Prophete LLP ("Constangy") to represent it in this matter.  Bauer Aff. ¶ 2.  On the evening of October 27, 2020, Steven Katz, Better's outside counsel and a partner at Constangy, informed Better's in-house attorneys that he had "just checked" the case docket and "discovered" that: (1) Plaintiff filed proof of service indicating that Better had been served on September 28, 2020; (2) Plaintiff filed his proof of service on October 20, 2020, a day after the deadline by which Better needed to file a responsive pleading; and that (3) Plaintiff moved for entry of default on October 23, 2020.  *See id.*  Better's attorneys appeared on the docket the very next day.  *See* ECF Nos. 19-21.  Since then, Better has retained O'Melveny & Myers LLP to represent it in this matter. *See* ECF Nos. 29-30.

After appearing through counsel, the parties negotiated a stipulation to stay the case pending early mediation, during which Better agreed not to seek to vacate the default so Plaintiff would not seek a default judgment.  *See* ECF Nos. 23-24. Better and Plaintiff then exchanged detailed mediation statements setting forth their positions on the merits of this litigation, attended a virtual mediation session, and agreed to a second mediation session (which ultimately was not held).  Mediation was unsuccessful, and this Court lifted the stay of all further proceedings in this matter on April 1, 2021.  *See* ECF No. 32.  Better now moves to vacate the entry of default.

**B.      Plaintiff's Lawsuit Incorrectly Presumes That Better's Underwriters are Non-Exempt Employees.**

Plaintiff filed this putative class and collective action on September 18, 2020, alleging that Better incorrectly told him he was an exempt employee ineligible to receive overtime pay.  *See* ECF No. 1.  Dominguez claims that he "often work[ed] 14 or 15 hour days, and occasionally work[ed] 6 or 7 days per week." *Id.* ¶¶ 13, 15.

Dominguez also claims that these underwriters received no "wage statements [that] accurately reflect[ed] all hours worked" (*id.* ¶ 16), that Better "did not have a policy or practice of tracking whether [Dominguez] or other mortgage underwriters took meal or rest periods," and that he often did not take such breaks (*id.* ¶ 17).  Based on these allegations, Dominguez claims that Better violated the Fair Labor Standards Act ("FLSA"), the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business and Professions Code.  *See id.* ¶¶ 35-75.

Dominguez purports to seek relief on behalf of a nationwide putative class of all Better underwriters employed within the last three years nationwide (*id.* ¶ 22) and on behalf of all mortgage underwriters that Better employed in California over the past four years (*id.* ¶ 25).

**C.**     **Better's Underwriters Exercise Broad Discretion and Independent Judgment to Improve the Mortgage Process for Customers.**

Better is a forward-thinking innovator in the mortgage space, on the cutting edge of making the mortgage process as painless as possible.  This often means conducting business in a way that is starkly different from the rest of the industry.  Like Better's revolutionary zero-commission mortgage, Better actively ideates and implements ways to improve the process and experience for its customers.

To that end, Better's underwriters are empowered to exercise broad discretion and independent judgment in the performance of their duties.  Underwriting at Better is composed of six materially different underwriting positions:

(1)  Underwriting Directors;

(2)  Underwriting Managers;

(3)  Underwriting Team Leads;

(4)  Senior Underwriters;

(5)  Underwriters (including Regional and Remote Underwriters); and

1          (6)  Underwriting Associates.

2     With the exception of Underwriting Associates, a role that was phased out over the

3     course of 2020, Better permits and expects its underwriters to be experts and to use

4     independent judgment in performing thorough analyses of customers' income and

5     expense data, credit worthiness, property valuations, and other documentation to

6     make intelligent decisions on loan files.[2]  The purpose of this improvement is

7     simple: to eliminate unnecessary layers of decision-makers and pass those savings

8     onto Better's customers.  In exchange, the majority of Better's underwriters earn an

9     annual salary over $100,000.

10    **III.   ARGUMENT.**

11          The Ninth Circuit has repeatedly stated that "judgment by default is a drastic

12    step appropriate only in extreme circumstances; a case should, whenever possible,

13    be decided on the merits."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see

14    also U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,

15    1091 (9th Cir. 2010); *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th

16    Cir. 2001).  Consequently, a district court may set aside entry of default on a

17    showing of good cause pursuant to Federal Rule of Civil Procedure 55(c).  Fed. R.

18    Civ. Proc. 55(c); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th

19    Cir. 2011)  To determine good cause, a court must consider three factors: (1)

20    whether reopening the default judgment would prejudice the other party; (2)

21    whether the party seeking to set aside the default had no meritorious defense; and

22    (3) whether it engaged in culpable conduct that led to the default.  *Signed Personal*

23

24

25    [2] For example, Better underwriters are trained to think outside the box and make

26    decisions confidently.  Better urges its underwriters to use their judgment and
      experience to understand a client's needs and find solutions for those clients where

27    they deem it possible.  Likewise, Better encourages its underwriters to make
      suggestions to improve the underwriting process.

28

*Check No. 730*, 615 F.3d at 1092.  Notably, the "rules for determining when a default should be set aside are solicitous towards movants." *Id.* at 1089.

As shown below, all three factors weigh heavily in favor of setting aside the entry of default here, and make clear that the facts of this case do not rise to the "extreme circumstances" that would warrant refusal to vacate entry of default.  *TCI Grp. Life Ins. Plan*, 244 F.3d at 696.

### A.    Plaintiff Was Not Prejudiced by Better's Default.

Plaintiff has suffered no prejudice from the nine-day delay resulting from Better's default.  A default is prejudicial only if it "result[s] in greater harm than simply delaying resolution of the case."  *TCI Grp. Life Ins. Plan*.  Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)); *accord McLaren Auto., Inc. v. Shaoo*, No. 2:19-CV-06966-RGK-JC, 2020 WL 8184068, at *5 (C.D. Cal. Feb. 14, 2020).

Better's attorneys appeared promptly after realizing their mistake, and cooperated with Plaintiff's counsel to reach a mediation agreement, in the hopes that the parties could reach a settlement.  *See* ECF Nos. 23-24.  Plaintiff therefore at worst faced a delay of nine days after Better's answer deadline until its appearance, and approximately one month between the answer deadline and the parties' stipulation to mediate.[3]  This minor delay in Plaintiff's ability to litigate the merits of his claims is insufficient to establish prejudice.  *See Olson v Sperry*, No. 2:14 Civ. 07901-ODW-AS, 2015 WL 300410, at *2 (C.D. Cal. Jan. 22, 2015) ("A two-month delay in this matter" was insufficient to establish prejudice where "there is no indication that [the plaintiff] will suffer any harm greater than a delay and it

---

[3] Plaintiff has waived the right to "assert that the delay in proceedings caused by th[e] Stipulation [to mediate] has prejudiced th[e] [Plaintiff] in any respect.  ECF No. 24 ¶ 7.

appears that [the defendant] is now prepared to diligently litigate this matter."); *J & J Sports Prods., Inc. v. Nguyen*, No. 5:11 Civ. 01166-EJD, 2011 WL 6294332, at *2 (N.D. Cal. Dec. 14, 2011) ("a delay of several months" in filing an answer was insufficient to establish prejudice absent some "tangible harm" to the plaintiff's case); *Vann v. Aurora Loan Servs. LLC*, No. 10-CV-04736-LHK, 2011 WL 1002093, at *3 (N.D. Cal. Mar. 21, 2011) ("delay of slightly over a month in responding to the Complaint is unlikely to have a prejudicial effect on Plaintiff's ability to pursue her claim"); *see also TCI Grp. Life Ins. Plan*, 244 F.3d at 701 ("It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment…. the ordinary cost of litigating is simply not cognizable under *Falk's* prejudice factor.").

## B.     Better Has Meritorious Defenses To This Action.

"All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *Signed Pers. Check No. 730*, 615 F.3d at 1094. This burden "is not extraordinarily heavy." *TCI Grp. Life Ins. Plan*, 244 F.3d at 700. Here, Better more than satisfied this factor because it has meritorious defenses to all of Plaintiff's claims. Indeed, if the entry of default is set aside, Better expects to prevail on the merits in this action for at least two reasons.

*First*, the underwriters at Better are properly treated as exempt employees because they meet at least one (and in most cases two) FLSA exemptions. Among other things, Better expects its underwriters to use their own judgment and discretion when reviewing loan applications and deciding whether to approve a loan and, if so, on what conditions. *See supra* at II.C; 29 C.F.R. § 541.200 (administrative exemption to FLSA applies where, among other things, an employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."). Many of Better's underwriters make more than $100,000 per year, thus satisfying the less stringent highly-

compensated employee exemption ("HCE") under the FLSA.  29 C.F.R. §
541.601(a) (holding that an employee meets the HCE exemption if he or she makes
more than $100,000 per year and "customarily and regularly performs any one or
more of the exempt duties or responsibilities of an executive, administrative, or
professional employee."); *see also id.* § 541.601(c) (because "[a] high level of
compensation is a strong indicator of an employee's exempt status," the HCE
exemption does not require "a detailed analysis of the employee's job duties.").

*Second*, many underwriters at Better have either entered into binding
settlements of their state law claims (as permitted by *Chindarah v. Pick Up Stix,
Inc.*, 171 Cal. App. 4th 796, 803 (2009)) or are subject to arbitration as part of their
employment with Better.  Underwriters who have signed a release or arbitration
agreement are precluded from participating in this action.  *See, e.g.*, *Avilez v.
Pinkerton Gov. Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) (denying class
certification with respect to putative class members who had agreed to arbitration);
*In re JPMorgan Chase & Co.*, 916 F.3d 494, 504 (5th Cir. 2019) (district courts
may not conditionally certify a collective that includes individuals who have signed
arbitration agreements because to do so exceeds the district court's authority to
issue notice to potential opt-in plaintiffs under Section 216(b) of the FLSA).[4]

---

[4] Regardless of these agreements, the putative class that Plaintiff has proposed is
not capable of class certification or conditional approval as a collective action
because the putative class/collective lumps together atypical subsets of employees,
precluding a finding of commonality or typicality for class purposes, or a finding
that underwriters are similarly situated for a collective action under the FLSA.  *See,
e.g., In re Verity Health Sys. of Cal., Inc.*, No. 2:18-BK-20151-ER, 2019 WL
2461688, at *4 (Bankr. C.D. Cal. June 11, 2019); *Campbell v. City of Los Angeles*,
903 F.3d 1090, 1115 (9th Cir. 2018) (holding that to be similarly situated for
purposes of an FLSA collective action, "what matters is not just any similarity
between party plaintiffs, but a legal or factual similarity material to the resolution of
the party plaintiffs' claims, in the sense of having the potential to advance these
claims, collectively, to some resolution.").

These potential defenses make plain that there is at least "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved" if the Court were to grant a default judgment in this matter. *TCI Grp. Life Ins. Plan*, 244 F.3d at 700. Accordingly, Better has demonstrated a sufficiently meritorious defense to vacate the entry of default. *See Buendia v. Boulet*, No. 8:19-cv-01442-JLS-DFM, 2020 WL 8464416, at *1 (C.D. Cal. Dec. 16, 2020) (Staton, J.) (holding that the defendant had "done enough to show he has valid defenses to pursue" where he asserted that "he plans to deny the Complaint's allegations and to raise First Amendment defenses in this action asserting libel and defamation, among other claims); *MS Int'l v. BR Constr. and Stone, Inc.*, No. SACV 14-267 JLS (ANx), 2014 WL 12691085, at *2 (C.D. Cal. May 9, 2014) (Staton, J.) (holding that defendants had carried their burden to show they had a meritorious defense where the plaintiff asserted a breach of contract and the defendants "contend[ed] that they had fully complied with their contractual obligations, and would assert the same defenses as currently asserted in [the other defendant's] Answer.").

## C.    The Entry of Default Was Not The Result of Culpable Conduct.

A default is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan*, 244 F.3d at 698. This Court has recognized that "[e]ven if the reason for delay is 'weak' and due to 'negligence and carelessness', a default can be set aside if there is no evidence of bad faith." *Solera Oak Valley Greens Ass'n v. Liberty Ins. Underwriters Inc.*, No. 5:17-CV-1972-JLS-E, 2017 WL 10439123, at *2 (C.D. Cal. Dec. 13, 2017) (Staton, J.) (internal quotation marks omitted) (quoting *RLI Ins. Comp. v. Saybrook*, No. 16-5411-SVW, 2016 WL 9308017, at *2 (C.D. Cal. Nov. 3, 2016)); *accord Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Better defaulted in this matter inadvertently. As set forth above, Better's external counsel was unaware that Better had been served, and did not realize this oversight until they checked the docket on October 27, 2020. *See supra* at II.A. Better's conduct on and after that date—including contacting Plaintiff's counsel that evening and appearing on the record the very next day, engaging in multiple meet and confers, agreeing to early mediation, and retaining new outside counsel in this matter—demonstrates Better's good faith. Indeed, in *Vann*, the Northern District of California held that a represented party's default was not culpable where the default resulted from a miscommunication between in-house and outside counsel, the "[d]efendant appeared promptly after learning of the default" and subsequently "appear[ed] quite willing to litigate the case." The same conclusion is warranted here.

Notably, this Court has refused to find culpable conduct in similar cases of mistake. For example, in *Solera Oak*, the Court held that the defendant had not engaged in culpable conduct although the defendant's employee mistakenly assumed that defense counsel had received a copy of the complaint and therefore failed to forward it on, resulting in an untimely response and entry of default. *Solera Oak Valley Greens Ass'n*, 2017 WL 10439123, at *1–2. Similarly, in *Uribe Trucking*, the Court refused to find culpable conduct where the defendant mistakenly believed that it did not need to respond to the complaint because of informal settlement attempts between the parties. *U.S. Fire Ins. Co. v. Uribe Trucking, Inc.*, No. SACV 11-54-JST (MLGx), 2012 WL 12960638, at *1 (C.D. Cal. Apr. 26, 2012). The same result is warranted here.

**D.    Each Relevant Factor Weighs in Favor of Vacating the Entry of Default.**

This Court can grant Better's motion even if it finds only that Better had a meritorious defense and Plaintiff was not prejudiced by Better's default. *Brandt*, 653 F.3d at 1112. At the very least, Better has met that standard. Nevertheless,

1  Better has also provided this Court with an honest and logical explanation as to why
2  it defaulted.  That explanation categorically refutes the notion that Better's default
3  was culpable.  Because each relevant factor weighs heavily in favor of vacating the
4  default, the Court should find "good cause" to vacate the default under Federal Rule
5  of Civil Procedure 55(c).  *See, e.g., Ruyan Inv. Holdings Ltd. v. Logic Tech. Dev.*
6  *LLC*, No. CV125482GAFFFMX, 2012 WL 13014608, at *3 (C.D. Cal. Oct. 17,
7  2012) ("the Court must assess the entirety of the record, determine whether any or
8  all of the factors favor setting aside the default, and then exercise its discretion
9  mindful of the fundamental value of having cases decided on the merits.").

10  ## IV.  CONCLUSION

11      For the reasons set forth above, Better respectfully requests that the Court
12  vacate and set aside the entry of default.

15  DATED:  April 8, 2021.

O'MELVENY & MYERS LLP
ADAM J. KARR
SUSANNAH K. HOWARD
ALLAN W. GUSTIN

17  By:  _/s/ Adam J. Karr_
Adam J. Karr

Attorneys for Defendant Better Mortgage
Corporation