Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Jason Christopher Marsili (CA SBN 233980)
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
11150 W. Olympic Blvd., Suite 990
Los Angeles, CA  99064
Telephone: (213) 389-6050

*Attorneys for Plaintiff and Others Similarly Situated*
*Additional Counsel Listed on Following Page*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lorenzo Dominguez, individually, on behalf of others similarly situated and other aggrieved employees, and on behalf of the general public,<br><br>                    Plaintiff,<br><br>   v.<br><br>Better Mortgage Corporation,<br><br>                    Defendant. | **Case No. 8:20-cv-01784-JLS-KES**<br><br>**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES, AND INJUNCTIVE RELIEF**<br><br>**(1)  Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)**<br><br>**(2)  Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))** |

-1-

**(3)  Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)**

**(4)  Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order)**

**(5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Labor Code §§ 201-203;**

**(6)  Violation of California Business and Professions Code §§ 17200 et seq.**

**(7)  Civil Penalties (Cal. Labor Code § 2698, et seq.)**

C. Andrew Head (admitted *pro hac vice*)
ahead@headlawfirm.com
Bethany Hilbert (admitted *pro hac vice*)
bhilbert@headlawfirm.com
HEAD LAW FIRM, LLC
730 Peachtree St. NW
Suite 600
Atlanta, GA 30308 (virtual office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile: (404) 796-7338

-2-

**PRELIMINARY STATEMENT**

1.     This is a class and collective action brought by individual and representative Plaintiff Lorenzo Dominguez on his own behalf and on behalf of the proposed California Class and natiowide FLSA Collective.  Plaintiff was employed, and the putative class members are or were employed, by Defendant Better Mortgage Corporation ("Better Mortgage" or "Defendant") as mortgage underwriters paid by salary and any earned incentive bonuses, and were denied proper compensation as required by federal and state wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

2.     The FLSA Collective is made up of all persons who have been employed by Defendant as mortgage underwriters at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

3.     The California Class is made up of all persons who have been employed by Defendant as mortgage underwriters in the state of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4.     During the Collective Period, Defendant paid Plaintiff and each member of the FLSA Collective by salary and incentive bonuses but failed to pay any overtime premiums for hours worked over 40 in a workweek to Plaintiff and each member of the FLSA Collective as required by federal law.  Plaintiff seeks relief for himself and for the FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation.

5.     During the California Class Period, Defendant paid Plaintiff and each member of the California Class by salary and incentive bonuses but failed to pay overtime premiums to Plaintiff and each member of the California Class for overtime hours worked as defined and required by California law. Defendant also failed to authorize, permit, or provide meal and rest periods and failed to provide accurate

-3-

wage statements. Plaintiff seeks relief for himself and the Cailfornia Class under California law to remedy Defendant's failure to pay appropriate overtime compensation, to provide accurate wage statements, to provide, authorize, and/or permit meal and rest periods, and to reimburse necessary business expenses, in addition to equitable and injunctive relief. Plaintiff also seeks penalties under California's Private Attorneys General Act ("PAGA") on behalf of the State of California as to all aggrieved employees.

## THE PARTIES

6.      Individual and representative Plaintiff Lorenzo Dominguez is an individual residing in California.  He was employed by Defendant as a mortgage underwriter from December 3, 2019 until August 17, 2020. Prior to being assigned to work remotely full-time due to the coronavirus pandemic, he was based out of and worked in Defendant's Orange County office, which was located in Costa Mesa before Defendant relocated it to Irvine. During that time, he was required by Defendant to work (and did in fact work) three days in the branch office, and two days remotely not in the office. In or about February or March, 2020, Defendant instructed Plaintiff to work remotely from his home full-time.

7.      Upon information and belief, Defendant Better Mortgage Corporation operates throughout the United States, with offices in Irvine, California; Oakland, California; New York, New York; and Charlotte, North Carolina. Defendant employs mortgage underwriters working in/based out of its branch offices as well as underwriters working remotely from home offices. Defendant Better Mortgage Corporation is a California corporation headquartered in New York, New York.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*. Plaintiff Dominguez has signed a consent form to join this lawsuit, which is attached as Exhibit A (and was filed with the original complaint).  As this case proceeds, it is likely that other

-4-

individuals will file consent forms and join as opt-in plaintiffs.  This Court also has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

**9.**     Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendant operated an office in Orange County, California and because a substantial part of the events giving rise to the claims occurred in this district.  This case is properly assigned to the Southern Division of the Central District.

## FACTUAL ALLEGATIONS

10.     During the applicable statutory period, Plaintiff and those similarly situated worked as mortgage underwriters for Defendant. Defendant, through its policies, practices, and supervisors, directed the work activity of Plaintiff and other mortgage underwriters. Employees of Defendant had the authority to discipline Plaintiff and other mortgage underwriters.

11.     Defendant's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein.  Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

12.     Defendant has classified and paid its mortgage underwriters, including Plaintiff and those similarly situated, as exempt from FLSA and state wage and hour protections.

13.     Defendant uniformly misrepresented to Plaintiff and other mortgage underwriters that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and other mortgage underwriters are, and were, nonexempt employees who are, and were, entitled to overtime pay.

14.     Plaintiff and those similarly situated worked in excess of eight (8) hours per day and forty (40) hours per week for Defendant on one or more occasions without receiving proper overtime pay.

15.     Defendant is and was aware that Plaintiff and those similarly situated

-5-

work(ed) under these conditions, and yet Defendant still denied them overtime compensation. Plaintiff regularly worked over 8 hours in a day, often worked 14 or 15 hour days, and occasionally worked 6 or 7 days per week. By way of example, during the week of March 30, 2020 to April 5, 2020, Plaintiff worked at least 70 hours, including over 8 hours in a day on at least 5 days during that week, for which he was paid his regular weekly salary and the amount of his earned incentive bonus, but he was not paid any overtime premiums for those hours defined as overtime under the FLSA and applicable California law.

16.    Defendant did not keep accurate records of the hours Plaintiff and other mortgage underwriters worked. Accordingly, the wage statements Defendant issued to Plaintiff did not accurately reflect all hours worked. Moreover, because Defendant did not pay Plaintiff and other mortgage underwriters for all hours worked, including overtime hours, during weeks paid by salary and any earned incentive bonus, the wage statements Defendant issued to Plaintiff and other mortgage underwriters did not accurately reflect the proper rates of pay or the hours worked at each rate of pay.

17.    Plaintiff's wage statements for hours worked consistently listed "Regular" hours worked, and "Gross" hours, as "0.00." As but one example, Plaintiff's wage statement for the week worked March 30 – April 4, 2020, during which Plaintiff worked at least 70 hours showed, "Regular" hours of "0.00," "Incentive" hours of "0.00", and a gross total "0.00" hours, and failed to show overtime hours worked or any rate of pay for overtime. Because Defendant used the same third party payroll provider to provide wage statements to all of its California employees, upon information and belief the California class members' wage statements were similarly deficient. Defendant knew that its wage statements reflected this information and intended them to read as such.

18.    Defendant did not have a policy or practice of providing meal periods to employees it classified as exempt (like Plaintiff and other mortgage underwriters), nor did Defendant have a policy or practice of authorizing or permitting rest periods

-6-

to employees it classified as exempt (like Plaintiff and other mortgage underwriters). Instead, Defendant's meal and rest period policies applied only to employees classified as non-exempt.

19.     Defendant did not have a policy or practice of tracking whether Plaintiff or other mortgage underwriters took meal or rest periods. Due to Defendant's production and turaround time requirements, Plaintiff often did not take a 30 minute meal period during the first five hours of his day when he was fully relieved from duty.

20.     For example, in the weeks leading up to the pandemic in 2020, Plaintiff typically arrived to the office between 6:00 and 6:30. If he took a meal period, it usually was not until 12:00 or 1:00 beause that is when Uber Eats would deliver food to the office. Prior to the pandemic therefore, and for example during the last week in January 2020, Plaintiff regularly worked more than 5 hours without receiving a meal period. During this week, Plaintiff also regularly worked more than four hours without taking a 10 minute rest period during which he was fully relieved from duty.

21.     As an additional example, during the week of March 30, 2020 to April 5, 2020, Plaintiff worked more than 8 hours on at least 5 days without taking a meal period of at least 30 minutes during which he was completely relieved from duty. Instead, Plaintiff ate while he continued to work, due to Defendant's production and turnaround time requirements. During this week, there were several occasions during which Plaintiff worked more than four hours consecutively without being relieved from duty for 10 minute rest period, again, due to Defendant's production and turnaround time requirements.

22.     Defendant did not pay Plaintiff or other underwriters and meal or rest period premiums when they did not receive required meal or rest breaks.

23.     Defendant employed Plaintiff and other Class Members to work remotely (i.e., not within a branch office), and assigned, directed, or otherwise

required Plaintiff and other Class Members to work remotely, on one or more days of their workweeks.

24.    Prior to February or March 2020, Defendant required that Plaintiff work (and Plaintiff did in fact work) three days in the branch office, and two days remotely not in the office.

25.    Plaintiff and other Class Members could only perform underwriting duties when working remotely by connecting with Defendant's systems via the internet, and by communicating telephonically and/or by electronic messaging.

26.    For all weeks worked prior to February or March 2020, Defendant did not provide Plaintiff and other Class Members with a mobile hotspot device, a wireless connection device, router, wireless/internet service, telephone or cellular phone, or cellular service for the aforementioned communications and connections required to work remotely.

27.    For all weeks worked prior to February or March 2020, Defendant did not reimburse Plaintiff and other Class Members for expenses incurred in establishing and maintaining an accessible internet connection used for underwriting work while working remotely.

28.    For all weeks worked prior to February or March 2020, Defendant did not reimburse Plaintiff and other Class Members for expenses incurred in communicating telephonically and/or by electronic messaging for underwriting work while working remotely.

29.    Plaintiff's employment with Defendant ended on August 17, 2020 by his resignation, but Defendant failed to pay all wages that were due at that time, including by failing to pay Plaintiff any overtime premiums and any meal and rest period premiums. More than 30 days passed since the end of Plaintiff's employment, and Defendant still has not paid all wages that are due and owing.

30.    Defendant is aware of wage and hour laws. Federal courts, including the United States Courts of Appeals for the Ninth Circuit and Second Circuit, have

-8-

determined that underwriters with similar duties to Plaintiff and those similarly situated are non-exempt employees as a matter of law. Yet Defendant has continued to misclassify its mortgage underwriters as exempt from the overtime provisions of the FLSA and state law.

31. Defendant's unlawful conduct has been widespread, repeated, and consistent.

32. Defendant's conduct, as set forth in this Amended Complaint, was willful, knowing and intentional, and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows:

**FLSA Collective:** All Persons who have been employed by Defendant as mortgage underwriters within the United States paid a salary on a pay date within the period starting three years prior to the filing of the initial complaint in this action until trial of this action.

34. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

35. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the

-9-

opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of himself and as a class action on behalf of all similarly situated mortgage underwriters. The Rule 23 California Class is defined as follows:

**California Class:** All current and former mortgage underwriters employed by Defendant in the state of California at any time starting four years prior to the filing date of the initial complaint in this action, through the date of trial.

37.     This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

38.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least forty (40) class members.

39.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

a.     Whether Defendant is liable to members of the class described above for violations of the applicable labor codes;

b.     Whether Defendant properly classified members of the class described above as exempt from state overtime requirements.

c.     Whether Defendant failed to pay proper overtime pay to members of the class described above;

d.     Whether Defendant failed to provide off-duty meal periods;

-10-

e.      Whether Defendant failed to permit and authorize paid, off-duty rest periods;

f.      Whether Defendant knowingly and intentionally failed to provide accurate wage statements;

g.      Whether Defendant willfully failed to pay all wages due at terimination;

h.      Whether defendant failed to reimburse all necessary business expenses; and

i.      Whether Defendant engaged in unfair competition.

40.    This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.

41.    Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of misclassifying mortgage underwriters as exempt from overtime pay, failing to pay overtime pay for overtime hours worked, failing to provide off-duty meal periods, failing to provide compliant wage statements, failing to pay all wages due at separation from employment, failing to permit and authorize paid, off-duty rest periods, and failing to reimburse necessary business expenses, thus giving rise to legal remedies under applicable California labor law.

42.    Plaintiff has no interests antagonistic to the interests of other class members.

43.    Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and adequately protect the interests of the class.

44.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

-11-

45. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable state wage statutes of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## **FIRST CLAIM FOR RELIEF**

## **FAILURE TO PAY OVERTIME UNDER THE FLSA**

### 29 U.S.C. §§ 201 et seq.

(On Behalf of Plaintiff and the FLSA Collective)

46. Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in paragraphs 1-35

47. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the FLSA Collective.

48. Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

49. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

50. Plaintiff and the FLSA Collective are entitled to be paid overtime

-12-

compensation for all hours worked.  Plaintiff and the FLSA Collective worked over 40 hours in one or more weeks performing mortgage underwriting tasks for Defendant, but on each such occasion they were paid by salary and any earned incentive bonus but did not receive any overtime premiums as required by the FLSA. By failing to compensate Plaintiff and the FLSA Collective overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

51.    By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

52.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

53.    Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to himself and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

54.    Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiff and the California Class)

55.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-45.

-13-

56. At all times relevant to this action, Plaintiff and members of the California Class were employed by Defendant within the meaning of the California Labor Code.

57. By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

58. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

59. Plaintiff and members of the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

60. During the relevant statutory period, Plaintiff and Class Members worked in excess of eight hours in a work day and/or forty hours in a work week performing mortgage underwriting tasks, and on occasion over twelve hours in a day and/or a seventh consecutive day for Defendant, but on each such occasion they were paid by salary and any earned incentive bonus but did not receive any overtime premiums as required by California law.

61. During the relevant statutory period, Defendant failed and refused to pay the Plaintiff and the California Class proper overtime compensation for overtime hours worked.

62. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and members of the California Class for overtime hours worked.

63. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

64. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Califonria Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

-14-

## THIRD CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## Cal. Labor Code § 226

(On Behalf of Plaintiff and the California Class)

65.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-64.

66.    Defendant knowingly and intentionally failed to provide Plaintiff and the California Class with timely, accurate, itemized wage statements showing all items required pursuant to California Labor Code § 226(a), including, but not limited to, total hours worked, rates of pay, and hours worked at each rate of pay.

67.    Pursuant to Labor Code section 226(e)(2), Plaintiff and members of the California Class suffered injury because, due to Defendants' failure to provide the required information, Plaintiff and the California Class members could not promptly and easily determine from the wage statement alone, among other things, their hours worked, rates of pay, hours worked at each rate of pay, wages earned, and whether they received all wages owed them.

68.    Plaintiff, individually and on behalf of the California Class, is entitled to and does seek injunctive relief requiring Defendant to comply with Labor Code § 226(a) and further seeks the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, plus attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO AUTHORIZE, PERMIT, OR PROVIDE MEAL AND REST PERIODS

## Cal. Wage Order No. 4; Cal. Labor Code §§ 226.7 *et seq.*, 512

(On Behalf of Plaintiff and the California Class)

-15-

69.     Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-68.

70.     California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

71.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

-16-

72.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

73.    California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

74.    Defendant, through its policies, procedures and practices, failed to provide Plaintiff and other mortgage underwriters with 30 minute uninterrupted meal periods, and failed to authorize or permit Plaintiff and other underwriters to take 10 minute rest periods during which they were completely relieved from duty. Instead, Defendant's meal and rest period policies applied to employees classified as non-exempt.

-17-

75. Plaintiff and other underwriters regularly worked more than 5 hours without being provided a 30 minute meal period during which they were completely relieved from duty, and more than 4 hours without being authorized or permitted to take a 10 minute rest period during which they were completely relieved from duty.

76. Defendant did not pay meal or rest period premiums when Plaintiff and other underwriters did not receive required meal or rest periods.

77. Defendant knowingly failed to provide Plaintiff and the California Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiff and the California Class to take rest periods as required by law. Plaintiff and Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.

## **FIFTH CLAIM FOR RELIEF**

## **WAITING TIME PENALTIES**

California Labor Code §§ 201-203

(On Behalf of Plaintiff and the California Class)

78. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-77.

79. California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

80. Plaintiff and other Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

-18-

81.     Defendant failed to pay the earned and unpaid wages of all Plaintiff and California Class members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

82.     Defendant willfully failed to timely compensate Plaintiff and other California Class members for all hours worked. As a result, Defendant is liable to Plaintiff and other California Class members whose employment ended within the year prior to the initial filing of this suit for waiting time penalties under California Labor Code section 203.

## SIXTH CLAIM FOR RELIEF

California Labor Code § 2802

83.     Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-82.

84.     Defendant employed Plaintiff and other Class Members to work remotely (i.e., not within a branch office), and assigned, directed, or otherwise required Plaintiff and other Class Members to work remotely, on one or more days of their workweeks.

85.     Plaintiff and other Class Members could only perform underwriting duties when working remotely by connecting with Defendant's systems via the internet, and by communicating telephonically and/or by electronic messaging.

86.     Defendant did not provide Plaintiff and other Class Members with a mobile hotspot device, a wireless connection device, router, wireless/internet service, telephone or cellular phone, or cellular service for the aforementioned communications and connections required to work remotely.

87.     For certain periods of time, Defendant did not reimburse Plaintiff and other Class Members for expenses incurred in establishing and maintaining an accessible internet connection used for underwriting work while working remotely.

-19-

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES, AND INJUNCTIVE RELIEF

88.    For certain periods of time, Defendant did not reimburse Plaintiff and other Class Members for expenses incurred in communicating telephonically and/or by electronic messaging for underwriting work while working remotely.

89.    Defendant knew that Plaintiff and the other Class Members were providing underwriting work while working remotely, knew that such underwriting work could only be provided by using an internet and telephonic/cellular service connection, and knew that it had not provided internet and telephonic/cellular service connectivity for use when working remotely, but failed to reimburse those expenses for certain periods of time.

90.    Defendant also knew that Plaintiff and the other Class Members were providing underwriting work while working remotely by using an internet and telephonic/cellular service connection by communicating with Plaintiff and the other Class Members in a manner that could only be received by Plaintiff and the other Class Members via internet connection and telephonic/cellular service connection.

91.    Defendant also knew that Plaintiff and the other Class Members were using an internet and telephonic/cellular service connection to provide underwriting work while working remotely because Defendant posted work and file assignments on a queue that was solely accessible by connection to Defendant's computer systems, and requiring monitoring and pulling of assignments from that queue, which Plaintiff and the other Class Members were required to access while working remotely, in a manner that could only be accessed and received by Plaintiff and the other Class Members via internet connection and telephonic/cellular service connection when working remotely.

92.    Defendant has therefore violated and continues to violate Labor Code § 2802.

93.    Defendant was required, and shall be required, to pay a reasonable percentage of Plaintiff's and the other Class Members' internet and telephonic/cellular connectivity service and equipment costs, as referenced above, in

addition to an award of attorney's fees and costs for enforcing their rights to payment of business expenses under § 2802(c).

## SEVENTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiff and the California Class)

94.     Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-32 and 36-93.

95.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

96.     Beginning at a date unknown to Plaintiff when Defendant first employed underwriters in California, at least as long ago as the year 2018 but possibly as early as 2016, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has injured Plaintiff and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and Class Members.

97.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

     A.     Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

     B.     California Labor Code §§ 510 & 1194

     C.     California Labor Code § 226.7 & 512

     D.     California Labor Code § 2802

     E.     IWC Wage Order 4

-21-

98.     Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

99.     The harm to Plaintiff and Class Members in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

100.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is entitled to restitution of the overtime earnings, meal and rest period premiums, and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## EIGHTH CLAIM FOR RELIEF

## CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT ("PAGA")

Cal. Lab. Code § 2699, et seq.

(On behalf of Plaintiff and Other Aggrieved Employees)

101.     Plaintiff re-alleges and incorporate all previous paragraphs herein.

102.     During the period one year prior to exhaustion of administrative remedies in the years prior to that, Defendant violated California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, and 2802 as alleged in more detail above.

103.     California Labor Code section 2699 authorizes an aggrieved employee, on behalf of himself or other current or former employees, to recover civil penalties for the employer's Labor Code violations.

-22-

104.   Plaintiff has complied with the procedures for bringing suit specified in Section 2699.3. By letter dated and postmarked September 23, 2020 Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories that supported the alleged violations. A copy of this PAGA letter is attached hereto as **Exhibit B**. Notice was accompanied by a filing fee of $75, as reflected in the accompanying **Exhibit C**. More than 66 days passed since September 23, 2020 and the LWDA did not notify Plaintiff that it intended to investigate Plaintiff's allegations. The allegations in Plaintiff's PAGA letter are incorporated herein by reference.

105.   Pursuant to stipulated agreement of the parties and accompanying Court orders, the statute of limitations for PAGA claims and the time period for filing an amended complaint as a matter of right, were tolled from November 18, 2020 through June 28, 2021, in addition to the tolling that applied upon Plaintiff's filing of the First Amended Complaint. *See* ECF Nos. 23, 24, 31, 32.

106.   Pursuant to California Labor Code sections 2699(a) and (f), and 2699.5, Plaintiff and the aggrieved employees are entitled to recover civil penalties for Defendant's violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1194, and 2802 during the civil penalty period, as follows:

a.   For violations of California Labor Code sections 201, 202, 203, and 204, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The penalty amounts are established by California Labor Code section 2699(f)(2).

b.   For violations of California Labor Code section 2802, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay

period for each subsequent violation. The penalty amounts are established by California Labor Code section 2699(f)(2).

c. For violations of California Labor Code section 226, two hundred and fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1,000) for each aggrieved employee for each pay period. The penalty amounts are established by California Labor Code section 226.3.

d. For violations of California Labor Code sections 226.7, 512, and IWC Order No. 4 one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The penalty amounts are established by California Labor Code section 2699(f)(2).

e. For violations of California Labor Code sections 510, 1194, and 558, $50 for an initial violation for each underpaid employee for each pay period for which the employee was underpaid, and $100 for subsequent violations for each underpaid employee for each pay period in which the employee was underpaid. The penalty amounts are in addition to an amount sufficient to recover underpaid wages. The penalty amounts are established by California Labor Code section 558.

f. For violations of California Labor Code section 1174, five hundred dollars ($500) for each aggrieved employee. The penalty amounts are established by California Labor Code section 1174.5.

107. Pursuant to California Labor Code section 2699(g)(1), Plaintiff and the aggrieved employees are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations as described above were willful;

E. An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the applicable overtime rate;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

-25-

J.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and the California Class, prays for additional relief as follows:

A.    That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure.

B.    That Plaintiff be designated as the representative of the Rule 23 California Class, and Plaintiff's Counsel be designated as Clas Counsel.

C.    Unpaid overtime wages, meal and rest period premiums, other due wages, expense reimbursement, and injunctive relief, pursuant to California law;

D.    Appropriate equitable relief to remedy Defendant's violations of state law;

E.    Appropriate statutory penalties;

F.    An award of damages and restitution to be paid by Defendant according to proof;

G.    Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code §§ 1194, 226, and 2802, and Cal. Code of Civil Procedure § 1021.5;

H.    That Defendant be further enjoined to cease and desist from the unlawful activities in violation of the state laws cited above;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other equitable relief as the Court may deem just and proper.

WHEREFORE, Plaintiff, on behalf of himself and other aggrieved employees, prays for additional relief as follows:

-26-

A.    Appropriate penalties under PAGA;

B.    Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code § 2699(g)(1);

C.    Such other equitable relief as the Court may deem just and proper.

Dated: August 3, 2021                      **NICHOLS KASTER, LLP**

By:    s/ Matthew C. Helland
Matthew C. Helland

Attorney for Plaintiff and Others Similarly Situated

-27-