# Exhibit 1

*Dominguez v. Better Mortgage Corp.*, Case No. 8:20-cv-01784-JLS-KES
**United States District Court for the Central District of California**

**If you signed a Release Agreement or the Employment and Arbitration Agreement with Better Mortgage, the Court has ordered that those agreements are voidable and will be deemed void as to any participation or claims asserted in this case if you choose not to affirmatively sign them again.**

**CORRECTIVE NOTICE**

[NAME]
[ADDRESS]
[EMAIL ADDRESS]
DATES OF EMPLOYMENT: [Insert]

**PLEASE READ THIS COURT-APPROVED NOTICE CAREFULLY.**

**1. Why am I receiving this notice?**

You are receiving this notice regarding your rights in relation to a potential class and collective action lawsuit entitled *Dominguez v. Better Mortgage Corporation*, now pending in the U.S. District Court for the Central District of California (the "lawsuit"). The Judge presiding over the lawsuit has approved this notice and authorized Plaintiff's counsel to send it to you. As a current or former underwriting employee of Defendant Better Mortgage Corporation ("Better") who was paid as if you were exempt from the federal and state overtime pay laws, you are a potential federal law collective action member (and if you worked in California, a potential state law class member) in that lawsuit.

It has come to attention of the Court that beginning on or about October 20, 2020, Better sent its underwriting employees DocuSign emails containing electronic links to an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement ("Employment Agreement"), and a separate Release Agreement ("Release Agreement") (those two agreements are collectively referred to herein as the "Waiver Agreements"). The Employment Agreement, if signed and found legally enforceable, would have prohibited you from participating in this case, waived your right to a jury trial or to appeal, and required that you could only assert any of the work-related claims alleged on your

-1-

behalf in this case by instead filing a claim in arbitration solely on your own as an individual (not as a member of any class or collective action). The Release Agreement, if signed and found legally enforceable, would have released all claims of the type alleged in this case that you might have had under California law or the wage laws of any other state.

The Court did not review, approve, or know about the presentation of these Waiver Agreements to potential class and collective action members before Better presented them to you. The Court has since learned of the Waiver Agreements and the manner in which they were communicated, and the Court found some of the information communicated to be misleading and/or potentially coercive; including because you were not given sufficient information to estimate the value of your claims and rights that Better's agreements asked you to forfeit, and because you were not clearly told that signing the Employment Agreement would forfeit your right to participate in or recover from this pending lawsuit asserting claims filed on your behalf. You are being sent this Court-approved notice because you signed one or both of those Waiver Agreements. The Court has approved sending you this corrective notice to clear up any confusion regarding the Waiver Agreements and their impact on your rights. You may receive this same Notice by mail and email.

| **Your legal rights and options regarding the Waiver Agreements:** ||
|---|---|
| **DO NOTHING: Your prior agreement to the Waiver Agreements will be void as to any participation in or claims asserted in the case.** | According to Better's records, you signed one or both of the Waiver Agreements. If you do not take any action at this time (i.e., if you choose not to affirmatively your acceptance of them again now), by Court order you will no longer be bound by such agreement(s) as to your participation in or claims asserted in this lawsuit. You will not be required to return any monies paid to you under those Agreements, as explained below. |
| **Or, SIGN AGAIN NOW: You will be bound by any of the Waiver Agreements you sign again now.** | If you choose to affirmatively sign your acceptance of either or both of the Waiver Agreements you previously signed again now by timely completing the signature process below, you will be deemed to have accepted and agreed to be bound by such agreement affecting your ability to participate in this lawsuit or assert your legal claims that were alleged in this lawsuit. |

**2. Plaintiff alleges (and Better denies) that you have valid claims, that the Employment Agreement waiving your right to a trial in court, requiring arbitration, and forfeiting your right to participate in a class and collective action was not in your best interest, and that the amount paid under the Release Agreement did not consider the potential value of your claims.**

The Plaintiff, Lorenzo Dominguez ("Plaintiff"), filed claims on behalf of a proposed class and opt-in collective of current and former mortgage loan underwriting employees for unpaid overtime wages and other work-related claims. Plaintiff alleges that Better violated the applicable overtime laws as to all underwriters by failing to pay him and other underwriters overtime wage premiums. With respect to the unpaid overtime claims under the federal Fair Labor Standards Act, Plaintiff contends that he and all other underwriters nationwide should have been paid overtime wages for all time they worked in excess of forty (40) hours in a week, plus additional liquidated damages in the amount of twice the unpaid overtime wages owed. Under federal law, if a Plaintiff prevailed, Better would also be required to pay the prevailing Plaintiff's attorney's fees and costs in addition to, not by deduction from, the amounts owed to the employee.

Plaintiff also alleged class action claims for all underwriters who worked in California for failure to pay overtime under California state law, which – unlike the federal law – does not allow Better to claim any special exemption due to paying underwriters a salary of more than $100,000. Because that defense is not available to Better as to overtime allegedly owed under California law, Plaintiff contends that the likelihood of prevailing on your California claims is even higher than on your federal law overtime claims. Plaintiff contends that California underwriters should have been paid overtime wages under California state law at a rate of 1.5 times the regular rate of pay (total salary and bonus per week divided by 40 hours) for all time that they worked over forty (40) hours a week, and (if greater) all time worked over eight (8) hours in a day or on the seventh consecutive day worked, and double time for hours after 12 in a day or after 8 on the seventh consecutive day worked.  In addition, Plaintiff claims that California underwriters are owed 10% interest on unpaid overtime pay from the date each payment was due through the date of judgment.

By way of example, Plaintiff calculates that an underwriter earning a salary of $100,000 per year and working 10 hours per week of overtime would be entitled to $721.15 per week of unpaid overtime wages. If that employee earned $40,000 in bonus payments spread evenly over the year, Plaintiff contends the employee would be entitled to an additional $288.46 per week in unpaid overtime wages. All told, according to Plaintiff's calculations, this example employee would be due $1,009.61 in unpaid overtime for each week of the statutory recovery period. Over

-3-

a one year period, these amounts owed would total $52,499.72 under both federal and California law – *before* doubling that amount to $104,999.44 for liquidated damages (federal law), or increasing that amount for hours worked over 8 in a day or double time hours and then adding 10% interest (California law for Underwriters who worked in California).

In addition to unpaid overtime, Plaintiff contends that he and other underwriters who worked in California are entitled to premium payments and monetary penalties under California law for failure to provide accurate wage statements detailing the hours worked and rates of pay, failure to pay all wages due upon termination (for those whose employment terminated), failure to reimburse cellular phone and home office internet expenses while working remotely, and failure to provide, authorize, or permit proper meal and rest periods. Under California law, non-exempt employees are entitled to a timely, 30 minute, uninterrupted meal period, and two 10 minute rest periods, in a typical work day. Plaintiff contends that Better owes premium payments of one hour of pay for each day Better failed to provide a compliant meal period, and one hour of pay for each day Better failed to provide a compliant rest period. Assuming only one missed meal period or rest period each day, an employee with the compensation described above would be owed $19,998.33 over a one year period in premium payments alone. Plaintiff also contends that underwriters are owed an additional amount in California law penalties of up to $4,000 per employee for failure to provide accurate wage statements, and (for employees whose employment terminated for any reason) up to 30 days of pay as a penalty for failing to pay all wages due at termination (i.e., an additional $18,460), in addition to any amount determined to be owed for unreimbursed business expenses incurred while working remotely.[1] And as with the federal law claims, if a Plaintiff prevailed on California overtime and/or most of the other California law claims, Better would also be required to pay the prevailing Plaintiff's attorney's fees and costs in addition to, not by deduction from, the amounts owed to the employee.

The above discussion is only a sample hypothetical calculation. Damages could be higher than this hypothetical calculation if, for example, an employee worked more than 10 hours of overtime in a week, earned more than the assumed base and bonus pay, or worked longer than the assumed one year within the applicable statutory limitations period. Damages could be lower if, for example, an employee earned or worked less, or if the Court determined that Plaintiff and other

---

[1] Plaintiff also filed a representative action under California's Private Attorneys General Act ("PAGA") to recover certain additional civil penalties on behalf of all aggrieved California employees. The Release Agreement states that it releases PAGA claims, but the Court has ruled that PAGA claims could not be released under the law.

underwriters were not entitled to some or all damages or penalties under Plaintiff's proposed calculation method.

The "statute of limitations" – the time limit after which you forfeit your ability to recover overtime pay for hours worked in a week – under federal law is two years (three if the violation was "willful"), and the statute of limitations for California overtime and most other California claims is four years (for other states having overtime laws available to you, it ranges from two or three years for some states to six years under New York law).

The Court authorized distribution of this notice and description of underwriters' potential claims to assist you in your determination of whether you wish to void, or reaffirm by signing your acceptance again, the Waiver Agreements you previously signed after considering this information.

### 3. The Court has not yet decided whether to certify a class or collective action, and has not yet decided the merits of Plaintiff's claims or Better's defenses.

A class action is a type of lawsuit brought by one or more plaintiffs on behalf of themselves and other persons sharing common claims. To maintain a class action lawsuit on behalf of a class of individuals, the plaintiffs must file a request for class certification that establishes that the lawsuit should proceed as a class action. If that request for class certification is granted, the lawsuit will continue and Plaintiff and his attorneys will collectively represent all potential class members through trial, unless a potential class member affirmatively opts out. If that request for class certification is denied, Plaintiff and anyone who joins the lawsuit as a Plaintiff may individually pursue the claims alleged in the lawsuit, but may not pursue the claims on behalf of you or any other potential class member.

A collective action is a lawsuit under the federal Fair Labor Standards Act that any similarly situated employee has a right to join by affirmatively filing a signed consent to opt-in. Plaintiff typically files a request for Court approval to issue notice of rights to join that collective action lawsuit and seek recovery on federal overtime claims. If the Court grants that request, notice issues to the potential collective action members. And if the Court does not decertify that collective action, Plaintiff and his attorneys will collectively represent all individuals who filed consents to join the lawsuit through trial.

The Court has not yet determined whether the case will proceed as a class or collective action. The Court also has not ruled on whether the Plaintiff's claims or Better's defenses have merit. Better denies that Plaintiff's claims have merit and deny that the case should be allowed to proceed as a class and collective action.

However, if you sign your acceptance of the Employment Agreement again now, Better contends that it would prevent you from participating in any class or collective action certified by the Court, and would require that you could only pursue any claims against Better individually, in private arbitration, rather than as a part of this (or another) court case. If you elect to sign your acceptance of the Employment Agreement again now, the Court may rule that you will not be eligible to participate in this case or share in any recovery Plaintiff may obtain for underwriters.

**4. Any signature you previously submitted through Better's solicitation of Waiver Agreements is voidable, and shall be deemed revoked unless you choose to affirmatively sign the Waiver Agreements again now through the signature process below.**

Because Better's communications regarding the Waiver Agreements previously offered to you may have caused confusion, and failed to provide the information necessary to determine the value of the potential rights Better asked you to forfeit by signing, the Court has decided that you may void any of the Waiver Agreements you previously signed as to your potential participation and claims in this case by choosing not to sign your acceptance of them again now. You now have an opportunity to decide, after having reviewed this corrective notice, whether you want to affirmatively accept either or both of the Waiver Agreements you previously signed by signing your acceptance of them now through the signature process below.

Better is prohibited from retaliating against you if you decide not to sign your acceptance of the Waiver Agreements again now, and/or if you assert your potential legal claims.

If you decide, after reviewing this Corrective Notice, that you no longer wish to be bound by the Waiver Agreements, then you do not need to do anything. The Court will not allow the Waiver Agreements you previously signed to be applied to your participation and claims in this case, and you will instead retain all rights to participate in this lawsuit and assert any of your legal claims as alleged in this lawsuit. You do not have to return any of the money that Better gave you in exchange for signing the Release Agreement; instead, those amounts will be offset against any amount you might recover in this lawsuit.

If, however, you decide, after reviewing this Corrective Notice, that you wish to accept one or both of the Waiver Agreements again now, you may sign any such agreement by clicking this link to review, print and sign the acceptance form

for the previously signed agreement you wish to accept now: [link to URL]. You would then need to submit that signed acceptance form to Better by mailing or emailing it to the following address by no later than [30 days after distribution]:

[Better's mailing and HR email address]

You may choose not to sign your acceptance of any of the Waiver Agreements, or you may choose to sign your acceptance of only one of them again, or you may choose to sign your acceptance of both of them again. If you sign your acceptance of the Employment Agreement but not the Release Agreement now, you will still have accepted your agreement to forfeit your right to participate in this lawsuit. If you sign your acceptance of the Release Agreement but not the Employment Agreement now, you will still have signed your agreement to forfeit your right to participate in the California or other state law overtime and work-related claims in this lawsuit. If you do not sign your acceptance of any of the Waiver Agreements now, you will not have forfeited any rights as to your participation or claims asserted on your potential behalf in this lawsuit.

### 5. What if I want more information?

Copies of Plaintiff's Complaint, Plaintiff's Motion, and Court's Order authorizing this notice, are attached with this Notice. You may also review them by clicking or visiting the URL https://_____ or through PACER, https://pacer.uscourts.gov/.

More information about the lawsuit is available at [insert website link]. You can also obtain more information by contacting Plaintiff's attorneys who seek to represent you in this lawsuit:

Matthew Helland
Daniel Brome
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
forms@nka.com

C. Andrew Head
Bethany Hilbert
4422 N. Ravenswood Ave., Suite 3
Chicago, IL 60640

      Telephone: (312)690-7765
      Facsimile: (404) 796-7338
      bhilbert@headlawfirm.com

Contacting Plaintiff's counsel is confidential and without charge or obligation, and will not be disclosed to Better.


PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE OR THE LAWSUIT. VISIT [WEBSITE URL] FOR FURTHER INFORMATION AND ANNOUNCEMENTS REGARDING THE LAWSUIT. NOTICE OF ANY RULINGS OR CASE UPDATES WILL BE POSTED ON THE WEBSITE.

*Dominguez v. Better Mortgage Corp.*, Case No. 8:20-cv-01784-JLS-KES
United States District Court for the Central District of California

**ACCEPTANCE OF AT-WILL EMPLOYMENT AGREEMENT, CONFIDENTIAL INFORMATION, INVENTION ASSIGNMENT, AND ARBITRATION AGREEMENT**

Having read and considered the Court-ordered Notice, and having been provided with a copy of the Complaint, contact information for Plaintiffs' counsel, summary of claims alleged and potential unpaid overtime wages and other monetary damages, penalties, interest, and attorney's fees and costs available under applicable law, and all other information required by the Court, I understand that I now have the following two options:

1. **DO NOTHING**: If I do not sign this form, by Court order I will no longer be bound by the terms of the At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement I previously signed to the extent they relate to my right to participate in this class or collective action lawsuit or assert the claims alleged on my potential behalf in this case.

2. **ACCEPT BY SIGNING THIS FORM**: If I sign this form, by Court order I will be deemed to have accepted and agreed to be bound by the terms of the At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement I previously signed requiring individual arbitration of disputes, waiver of trial and appeals, and waiver of my ability to participate in or recover from any class or collective action lawsuit, including but not limited to my ability to participate in or recover from this lawsuit.

By my signature below, I now agree to accept the At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement that I previously signed.

Date: _____  _____
Signature

_____
Print Name

_____

**Information Below Will Be Not Be Filed with the Court. Please Print or Type.**

Address: _____

City, State, Zip: _____

Phone Number(s): _____

Email: _____

<u>*Dominguez v. Better Mortgage Corp.*</u>, Case No. 8:20-cv-01784-JLS-KES
United States District Court for the Central District of California

## ACCEPTANCE OF RELEASE AGREEMENT

Having read and considered the Court-ordered Notice, and having been provided with a copy of the Complaint, contact information for Plaintiffs' counsel, summary of claims alleged and potential unpaid overtime wages and other monetary damages, penalties, interest, and attorney's fees and costs available under applicable law, and all other information required by the Court, I understand that I now have the following two options:

1. **<u>DO NOTHING</u>**: If I do not sign this form, by Court order I will no longer be bound by the terms of the Release Agreement I previously signed that purported to release all of my California and/or other state law claims. I will not be required to return the amount paid to me under that Release Agreement at this time; instead, those amounts will be offset against any amount I might recover in this lawsuit.

2. **<u>ACCEPT BY SIGNING THIS FORM</u>**: If I sign this form, by Court order I will be deemed to have accepted and agreed to be bound by the terms of the Release Agreement I previously signed releasing certain California and/or other state law claims, including but not limited to the California claims filed on my behalf in this potential class action lawsuit.

By my signature below, I now agree to accept the Release Agreement that I previously signed.

Date: _____      _____
                                  Signature

                                  _____
                                  Print Name

_____

**Information Below Will Be Not Be Filed with the Court.  Please Print or Type.**

Address: _____

City, State, Zip: _____

Phone Number(s): _____

Email: _____