ADAK J. KARR (S.B. #212288)
akarr@omm.com
ALLAN W. GUSTIN (S.B. #305784)
agustin@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
RACQUEL B. MARTIN (S.B. #331285)
rmartin@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California, 94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Attorneys for Defendant
BETTER MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DOMINGUEZ, individually, on behalf of others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>BETTER MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 8:20-cv-01784-JLS-KES<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DENY CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23**<br><br>Hearing Date:  March 25, 2022<br>Time:           10:30 a.m.<br>Courtroom:      10A, 10th Floor<br>Before:         Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 25, 2022 at 10:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton, in Courtroom 10A on the 10th Floor of the United States District Court, Central District of California, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendant Better Mortgage Corporation ("Defendant" or "Better") will move and hereby does move this Court for an order denying class certification on the ground that the vast majority of individuals covered by Plaintiff's definition of the putative class have entered into binding, individual arbitration agreements that include class and collective action waivers, and/or have entered into binding release agreements that release their state law claims in this action.  In light of these agreements, Plaintiff cannot satisfy the typicality, adequacy, commonality, predominance or superiority requirements of Federal Rule of Civil Procedure 23.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Kenna Meyerhoff in Support of Defendant's Motion to Deny Class Certification and Motion to Deny Conditional Certification; all pleadings and papers on file with this Court in this action; and such other matters as may be presented to the Court at or before the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 24, 2021.

1
2
3   Dated:  October 1, 2021                    O'MELVENY & MYERS LLP
4                                              ADAM J. KARR
                                               SUSANNAH K. HOWARD
5                                              ALLAN W. GUSTIN
                                               RACQUEL B. MARTIN
6
7                                              By:    /s/ Susannah K. Howard
                                                         Susannah K. Howard
8
9                                              Attorneys for Defendant
                                               Better Mortgage Corporation
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF CONTENTS**

2

**Page**

3   I.     INTRODUCTION................................................................................ 1

4   II.    FACTUAL BACKGROUND ............................................................. 2

5   III.   ARGUMENT ..................................................................................... 5

6          A.    As a Matter of Law, Plaintiff Cannot Satisfy the Requirements
                 of Rule 23 With Respect to Those Putative Class Members Who
7                Are Subject to Arbitration and/or Have Released Their Claims .......... 5

8                1.    Plaintiff Cannot Satisfy the Typicality and Adequacy
                       Requirements of Rule 23(a)............................................. 5
9
                 2.    Plaintiff Cannot Satisfy the Commonality Requirement of
10                     Rule 23(a). ..................................................................... 9

11               3.    Plaintiff Cannot Satisfy the Predominance and Superiority
                       Requirements of Rule 23(b). ......................................... 10
12
                 4.    Allowing Plaintiff to Pursue Claims on Behalf of
13                     Individuals Whose Claims Are Subject to Arbitration
                       Would Impermissibly Undermine the Arbitration
14                     Agreements and Conflict with Long-Established Public
                       Policy Favoring Arbitration........................................... 11
15
     IV.    CONCLUSION ............................................................................... 12

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOT. TO DENY CLASS
CERTIFICATION 8:20-CV-01784

1

**TABLE OF AUTHORITIES**

2

Page

3

**Cases**

4

*Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*,
5
   149 F. Supp. 3d 1 (D.D.C. 2015) ............................................................. 8

6
*AT&T Mobility v. Concepcion*,
7
   131 S. Ct. 1740 (2011) ...................................................................... 11

8
*Avilez v. Pinkerton Gov. Servs., Inc.*,
9
   596 Fed. App'x 579 (9th Cir. 2015) ............................................. 1, 6, 7

10
*Baum v. Am.'s Servicing Co.*,
   No. 12-CV-00310-H BLM, 2012 WL 1154479 (S.D. Cal. Apr. 5,
11
   2012) ........................................................................................................ 6

12
*Castro Valley Union 76, Inc. v. Vapor Systems Technologies, Inc.*,
13
   No. C 11-0299 PJH, 2012 WL 5199458 (N.D. Cal., Oct. 22, 2012) ............. 2, 10

14
*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
15
   No. 12-cv-04000-EMC, 2016 WL 1048046 (N.D. Cal. Mar. 11,
16
   2016) ........................................................................................................ 8

17
*Comcast*, 133 S. Ct. at 1432 ....................................................................... 10

18
*Conde v. Open Door Mktg., LLC*,
19
   223 F. Supp. 3d 949 (N.D. Cal. 2017) ................................................. 1, 7

20
*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ............................................................................... 12
21

22
*Dukes*, 131 S. Ct. at 2551 ......................................................................... 6, 9

23
*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ................................................................. 6
24

25
*Hanlon v. Chrysler*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................ 5, 6
26

27
*In re Autozone*,
   No. 3:10-md-02159-CRB, 2016 WL 4208200 (N.D. Cal. Aug. 10,
28
   2016.) ..................................................................................................... 11

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4

*In re Titanium Dioxide Antitrust Litig.*,
   962 F. Supp. 2d 840 (D. Mo. 2013) ...................................................................... 10

5

6

*Javine v. San Luis Ambulance Service, Inc.*,
   No. CV1307480BROSSX, 2015 WL 12672090 (C.D. Cal., Jan. 13,
   2015) .......................................................................................................... 1, 8, 9

7

8

*King v. Capital One Bank (USA), N.A.*,
   No. 3:11-cv-00068, 2012 WL 5570624 (W.D. Va. Nov. 15, 2012) ...................... 8

9

10

*Magana v. DoorDash, Inc.*,
   343 F. Supp. 3d 891 (N.D. Cal. 2018)................................................................. 12

11

12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ............................................................................................... 12

13

14

*O'Connor v. Uber Technologies, Inc.*,
   904 F.3d 1087 (9th Cir. 2018).............................................................................. 12

15

16

*Pablo v. ServiceMaster Global Holdings, Inc.*,
   No. C 08-03894 SI, 2011 WL 3476473 (N.D. Cal. Aug. 9, 2011) ...................... 11

17

18

*Quinlan v. Macy's Corp. Servs.*,
   No. CV 12-00737 DDP (JCx), 2013 WL 11091572 (C.D. Cal. Aug.
   22, 2013)................................................................................................................ 8

19

20

*Spann v. AOL Time Warner, Inc.*,
   219 F.R.D. 307 (S.D.N.Y. 2003)..................................................................... 2, 10

21

22

*Stearns v. Ticketmaster Corp.*,
   655 F.3d 1013 (9th Cir. 2011)............................................................................... 9

23

24

*Tan v. GrubHub, Inc.*,
   No. 15-cv-5128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016)...........passim

25

26

*Tschudy v. J.C. Penney Corp., Inc.*,
   No. 11cv1001 JM (KSC), 2015 WL 8484530 (S.D. Cal. Dec. 9,
   2015)...................................................................................................................... 8

27

**Rules**

28

Fed. R. Civ. P. 23(a)(2)................................................................................................ 9

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

**TABLE OF AUTHORITIES**
(continued)

Page

Fed. R. Civ. P. 23(a)(3)-(4) ........................................................... 5

Fed. R. Civ. P. 23(b)(3) .............................................................. 10

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

I.     **INTRODUCTION**

Plaintiff Lorenzo Dominguez ("Plaintiff") asserts that Defendant Better Mortgage Corporation ("Better") misclassified their mortgage underwriters under both Federal and California law and, on the basis of his California state law claims, seeks to represent a class of underwriters employed by Defendants in California from September 17, 2016 to the present.  The vast majority of the individuals covered by Plaintiff's proposed class definition have, however, released their claims under California law and/or have agreed to arbitrate these claims on an individual basis. Plaintiff's proposed class therefore cannot be certified as a matter of law.[1]

It is well-established in the Ninth Circuit that a plaintiff who has not agreed to arbitration—like Plaintiff here—is neither a typical nor an adequate class representative with respect to putative class members who *are* subject to arbitration agreements because the named plaintiff cannot challenge the enforceability of these agreements.  *See Avilez v. Pinkerton Gov. Servs., Inc.*, 596 Fed. App'x 579 (9th Cir. 2015); *Conde v. Open Door Mktg.,* LLC, 223 F. Supp. 3d 949, 963 (N.D. Cal. 2017); *Tan v. GrubHub, Inc.*, No. 15-cv-5128-JSC, 2016 WL 4721439, at \*3 (N.D. Cal. July 19, 2016).  The same reasoning applies to the release agreements.  *See Javine v. San Luis Ambulance Service, Inc.,* No. CV1307480BROSSX, 2015 WL 12672090, at \*11 (C.D. Cal., Jan. 13, 2015).  In addition, because Plaintiff is not subject to arbitration, he also cannot satisfy the commonality requirement of Rule 23 because including individuals subject to binding arbitration agreements in the putative class would not generate common answers to common questions.  *Tan*,

---

[1] Better has filed two separate motions—one addressing Plaintiff's putative class action and one addressing Plaintiff's putative collective action—because each motion covers distinct legal claims, governed by distinct legal standards.  The instant motion addresses why class certification should be denied under Rule 23 with respect to the claims Plaintiff has asserted under California law ("putative class claims").  Better's separate motion to deny conditional certification (filed concurrently) addresses why conditional certification under the Fair Labor Standards Act ("FLSA") should be denied with respect to Plaintiff's claim for unpaid overtime under the FLSA.

2016 WL 4721439, at *4.  Nor can Plaintiff satisfy Rule 23's predominance and superiority requirements because the arbitration agreements "preclude the vast majority of class members from having their claims litigated in this action."  *Id.* at *4.  For the same reasons, Plaintiff cannot satisfy the commonality, predominance or superiority requirements with respect to those individuals who have released their claims.  *See Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 323 (S.D.N.Y. 2003); *see also Castro Valley Union 76, Inc. v. Vapor Systems Technologies, Inc.*, No. C 11-0299 PJH, 2012 WL 5199458, at *8 (N.D. Cal., Oct. 22, 2012).

In short, because Plaintiff is unable to act as a representative of the large majority of those within the putative class, this Court should preemptively deny class certification with respect those individuals who have signed arbitration agreements and/or released their claims.[2]

## II.   FACTUAL BACKGROUND

Better is a home mortgage originator that is licensed to provide home loans to Americans in 46 states and the District of Columbia.  Better works to provide faster, simpler, and more accessible tools for home ownership.  (Declaration of Kenna Meyerhoff ("Meyerhoff Decl.") ¶ 2.)  Plaintiff alleges that he was employed as an underwriter based out of Better's Orange County office.  (*See* Second Am. Class & Collective Action Compl. ¶ 6.)

At least 481 current and former Batter underwriters have signed valid, binding, mutual arbitration agreements, all of which contain a class and collective action waiver and require these individuals to arbitrate any employment-related claims they may have against Better on an individual basis.  (Meyerhoff Decl. ¶ 6.)  Better began distributing updated at-will employment agreements, which included an agreement

---

[2] Better is limiting the present motion to the issues raised by the arbitration and release agreements.  Better, however, does not waive any additional arguments in opposition to the certification of any class proposed by Plaintiff.  Notably, the general term "underwriter" is broad and encompasses a wide variety of different job responsibilities and activities.  This is one of many reasons why no class should be certified in this case.

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

to arbitration employment claims on an individual basis, electronically to all current underwriters in the Fall of 2020.  (*Id*. ¶ 3.)  Underwriters received an email advising them that the at-will employment agreement included an arbitration clause, and that their agreement to arbitration could limit their ability to assert claims in this action. (*Id*.)  Separately, underwriters received a link to the agreement in their Better work email account.  (*Id*. ¶ 4.)  In the email, employees were asked to click on the link, review the agreement, and to indicate their agreement via electronic signature.  (*Id*.) Beginning in January 2021, newly hired underwriters received the same at-will employment agreement, with the same arbitration clause, with their offer letter.  (*Id*. ¶ 5.)

The arbitration clause in the at-will employment agreement provides that "any and all controversies, claims, or disputes that [an employee has] or may in the future have with the Company … arising out of, relating to, or resulting from [their] employment or relationship with the Company or the termination of [their] employment or relationship with the Company … shall be subject to binding arbitration pursuant to the federal arbitration act (9 U.S.C. Sec. 1 et seq.) (the "FAA")."  (*Id*. Ex. B.)  The arbitration clause expressly includes an agreement to arbitrate "any and all common law and/or statutory claims under local, state, or federal law, including, but not limited to, claims under … the California Labor Code. …"  (*Id*.)  The arbitration agreements provide that "any and all controversies, claims, or disputes that [an employee has] or may in the future have with the Company … arising out of, relating to, or resulting from [their] employment or relationship with the Company or the termination of [their] employment or relationship with the Company … shall be subject to binding arbitration pursuant to the federal arbitration act (9 U.S.C. Sec. 1 et seq.) (the "FAA")."  (*Id*.)  They expressly include an agreement to arbitrate "any and all common law and/or statutory claims under local, state, or federal law, including, but not limited to, claims under … the California Labor Code. …"  (*Id*.)  The arbitration agreements are mutual, applying not only to employees'

- 3 -

disputes with Better, but also to "any disputes that [Better] may have with [employees]." (*Id*.) They require the arbitration to be administered by "JAMS pursuant to its employment arbitration rules & procedures" and provides a hyperlink to those rules and procedures. (*Id*.) While there are exceptions to arbitration in the agreements, none are applicable here.[3]

In October 2020, after this action was filed, Better offered $5,000 to current underwriting employees in exchange for a release of the claims asserted by Plaintiff in this lawsuit. (Meyerhoff Decl. ¶ 7.) Better provided underwriters with a link to Plaintiff's Complaint, as well as the contact information for Plaintiff's counsel, and detailed information concerning the litigation including employees' legal rights, the nature of the claims, and the impact of any release. (Id.) The release agreement provides, in relevant part:

> By signing this Agreement and in exchange for the Release Payment above, I voluntarily and knowingly waive my right to bring, recover, release, and settle any and all claims (except those under the FLSA) that were or could have been asserted in the Lawsuit (including claims for failure to pay overtime, failure to provide accurate itemized wage statements, failure to provide meal and rest periods, failure to pay wages owed upon termination, or unfair business practices), that I have or may have against Better….

(*Id*. Ex. C.)

In addition, the agreement contains the following language emphasizing that employees will not be retaliated against if they choose not to sign the agreement, and that if they do sign, their agreement is entirely voluntary:

---

[3] These exceptions include "disputes about the enforceability, revocability, or validity of this Agreement to arbitration or the class, collective, and representative proceeding waiver herein," "claims that cannot be arbitrated under the Sarbanes-Oxley Act," "controversies, claims, or disputes alleging or asserting claims of harassment," "controversies, claims, or disputes alleging or asserting claims of discrimination," and "claims that cannot be arbitrated under … other law that expressly prohibits arbitration of a claim notwithstanding the application of the FAA." (*Id*.) The arbitration agreements do not prohibit employees from pursuing "an administrative claim with a local, state, federal administrative body or government agency that is authorized to enforce or administer laws related to employment. …" (*Id*.)

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> I understand that I will not be retaliated against in any way if I enter into this Agreement or if I decide not to enter into this Agreement. The terms and conditions of my employment will not be impacted in any way by my decision whether or not to enter into this Agreement. By signing this Agreement I represent that I am freely and voluntarily entering into this Agreement without pressure or coercion from Better.

(*Id.*)

Approximately 90% of Better's underwriters executed the voluntary release agreement in a matter of days, with at least 188 out of approximately 204 then-eligible underwriters signing the release. (*Id.* ¶ 8.) Not only did the vast majority of underwriters voluntarily sign the release, a number of underwriters returned their agreements with comments taking issue with Plaintiff's allegations. For example, one employee wrote:

> I read the case filing document and can confirm I have always known I am an exempt employee (salaried only/not eligible for overtime) and I've always been allowed to take my mandatory lunch/breaks. The company and my managers have always looked out for my overall happiness / welfare and I've witnessed the same for my fellow employees.

(*Id.* ¶ 8 & Ex. C.)

## III.   ARGUMENT

### A.   As a Matter of Law, Plaintiff Cannot Satisfy the Requirements of Rule 23 With Respect to Those Putative Class Members Who Are Subject to Arbitration and/or Have Released Their Claims

#### 1.   Plaintiff Cannot Satisfy the Typicality and Adequacy Requirements of Rule 23(a).

Rule 23 requires Plaintiff to demonstrate that his claims or defenses "are typical of the claims or defenses of the class," and that as a class representative, he "will fairly and adequately protect" its interests. Fed. R. Civ. P. 23(a)(3)-(4). A class representative's claims are typical only if they are "reasonably co-extensive" with those of the class members they seek to represent, *Hanlon v. Chrysler*, 150

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

F.3d 1011, 1020 (9th Cir. 1998), and if the proposed representative "possess[es] the same interest and suffer[s] the same injury as the class members." *Dukes*, 131 S. Ct. at 2550 (internal quotations omitted).  A class representative is adequate only if he (1) does not have any conflicts of interest with the proposed class; and (2) will prosecute the action vigorously on behalf of the class.  *Hanlon*, 150 F.3d at 1020. Adequate representation requires "a sharing of interest between representatives and absentees."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Here, Plaintiff cannot satisfy the typicality or adequacy requirements with respect to those putative class members who are subject to arbitration agreements because Plaintiff, who is not subject to arbitration, has no legal interest in the application of the agreement and therefore lacks standing to challenge its enforceability.  *See Tan*, 2016 WL 4721439, at *6 ("[Plaintiff] has no standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions.  [Plaintiff] cannot challenge those provisions himself because, in light of his decision to opt out, they do not apply to him."); *Baum v. Am.'s Servicing Co.*, No. 12-CV-00310-H BLM, 2012 WL 1154479, at *4 (S.D. Cal. Apr. 5, 2012) ("Under California law, a plaintiff lacks standing to challenge a contract if he is not a party to the contract or if the principal contract 'was not made expressly for the benefit of plaintiff.'") (citation omitted).

The Ninth Circuit and district courts within this Circuit repeatedly have held that a plaintiff's inability to challenge arbitration agreements that bind a substantial portion of putative class members precludes the plaintiff from satisfying the typicality and adequacy requirements of Rule 23(a).  For example, in *Avilez*, the Ninth Circuit held that a proposed class representative who was not subject to an arbitration agreement was an atypical and inadequate representative of putative class members who had signed arbitration agreements with class waivers.  596 Fed. App'x at 579.  The *Avilez* court reasoned that "those who signed [the class action waiver] have potential defenses that [the named plaintiff] would be unable to argue

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

on their behalf," and thus the named plaintiff "is not an adequate representative, and her claim lacks typicality."  *Id.*  Importantly, the Ninth Circuit's decision in *Avilez* did not depend on a conclusion that the arbitration agreements at issue were valid and enforceable to every putative class member who had signed them. Indeed, the Court did not even opine on the enforceability of the agreements.  Rather, the Court simply recognized that in light of these agreements, putative class members had "***potential*** defenses" to enforcement of the agreements that the named plaintiff could not raise on their behalves.  *Id.*

Numerous district courts within the Ninth Circuit have followed *Avilez*.  For example, in *Conde*, the district court for the Northern District of California relied on *Avilez* to conclude that the named plaintiffs could not satisfy Rule 23's typicality requirement because they were not subject to arbitration agreements to which the majority of putative class members were bound.  223 F. Supp. 3d 949, 963 (N.D. Cal. 2017).  Because the named plaintiffs were "not personally affected" by the arbitration agreement, they "lack[ed] the ability to challenge the agreements on behalf of individuals who did sign such agreements" and therefore could not assert potential defenses on behalf of the putative class.  *Id.* at 960.  The court thus concluded typicality was lacking and granted the defendant's motion to deny class certification as to the putative class members who had signed an arbitration agreement.  *Id.*

Similarly, in *Tan v. GrubHub, Inc.*, the court relied on *Avilez* to conclude that a named plaintiff who had opted out of an arbitration agreement and class action waiver could not satisfy the typicality and adequacy requirements of Rule 23.  Case No. 15-cv-5128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016).  The plaintiff in *Tan* was one of two California individuals who had opted out of the agreement, whereas all other GrubHub drivers were "potentially subject to some form of class action waiver as set forth in the GrubHub service agreements."  *Id.*  The district court explained that because the named plaintiff "is in a position unique

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

from all but one other driver in California, his claims are not typical of the putative class members nor can he adequately represent the interests of those members, who are potentially bound by the arbitration and class action waiver provisions." *Id.*  As in *Conde*, the district court reasoned that the named plaintiff was an inappropriate representative because he could not bring certain procedural unconscionability arguments regarding the arbitration agreement that putative class members had an interest in bringing.  *Id.*; *see also Tschudy v. J.C. Penney Corp., Inc.*, No. 11cv1001 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (granting motion for decertification on typicality and adequacy grounds where named plaintiffs were not subject to arbitration agreement that covered putative class members employed after July 17, 2009); *Quinlan v. Macy's Corp. Servs.*, No. CV 12-00737 DDP (JCx), 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) (denying plaintiff's motion for class certification on typicality grounds because the named plaintiff was not subject to an arbitration agreement, while most of the putative class members were "enrolled in a binding arbitration program."); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC, 2016 WL 1048046, at *9 (N.D. Cal. Mar. 11, 2016) (agreeing with the defendant that "neither Plaintiff[] is typical of the class action waiver subclass because neither signed an agreement that included a class action waiver.").[4]

The same reasoning applies to release agreements signed by putative class members.  *Javine*, 2015 WL 12672090, at *11.  As the Court in *Javine* explained:

> Plaintiff's claims are not typical of the claims of the putative classes because she has not signed a liability release agreement.  In order to prevail on their claims, the majority of the putative class members who

---

[4] This principle is not confined to California.  *See, e.g., Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*, 149 F. Supp. 3d 1, 11 (D.D.C. 2015) ("[Plaintiff's] claims are atypical of the alleged class because he is the only member who has exhausted his obligation to arbitrate."); *King v. Capital One Bank (USA), N.A.*, No. 3:11-cv-00068, 2012 WL 5570624, at *14 (W.D. Va. Nov. 15, 2012) (plaintiff not subject to arbitration "could not fairly and adequately represent in this Court the interests of individuals who are bound to pursue their claims in arbitration.").

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

1
2
3

> have signed a release agreement would have to prove either that the
> agreement is invalid or that it does not cover the claims at issue here,
> both of which are issues that Plaintiff lacks standing to raise.

4   *Id.  See also Spann v. AOL Time Warner, Inc.,*  219 F.R.D. 307, 320 (S.D.N.Y.

5   2003) (plaintiffs not adequate representatives where issue of enforceability of

6   release agreement signed by many putative class members was a central "issue in

7   which the three Plaintiffs may not have any stake.")

8       This case is no different from *Avilez, Tan, Conde,* or *Javine.*  Plaintiff is not

9   subject to Better's arbitration agreement, which a majority of the putative class

10  members have signed.  Nor has Plaintiff signed a release of his claims in this

11  lawsuit.  This renders Plaintiff an atypical and inadequate representative because he

12  is unable to make legal arguments related either to the arbitration agreements or to

13  the release agreements on behalf of these putative class members.  *See Stearns v.*

14  *Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (typicality requires that

15  "each class member makes similar legal arguments to prove the defendant's

16  liability.")

17          **2.    Plaintiff Cannot Satisfy the Commonality Requirement of**
                    **Rule 23(a).**

18

19      The arbitration and release agreements that bind the majority of putative

20  class members also preclude Plaintiff from satisfying the commonality requirement

21  of Rule 23(a).  Fed. R. Civ. P. 23(a)(2) (requiring that a class action present

22  "questions of law or fact common to the class.").  As the Supreme Court has

23  emphasized, "[w]hat matters to class certification is not the raising of common

24  'questions' – even in droves – but, rather the capacity of a class wide proceeding to

25  generate common ***answers*** apt to drive the resolution of the litigation."  *Dukes*, 131

26  S. Ct. at 2551 (citation omitted).  A class proceeding based on Plaintiff's proposed

27  class definition would not generate common answers because the arbitration and

28  release agreements "preclude the vast majority of class members from having their

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

claims litigated in this action." *Tan*, 2016 WL 4721439, at \*4; *see also In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Mo. 2013) ("[W]here certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroy [] the commonality and typicality of the class.").

### 3. Plaintiff Cannot Satisfy the Predominance and Superiority Requirements of Rule 23(b).

Rule 23(b)(3)'s predominance requirement—a far more demanding standard than Rule 23(a)(2)'s—requires this Court to "find[] that the question of law or fact common to class members predominate[s] over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Comcast*, 133 S. Ct. at 1432. For the same reasons that Plaintiff cannot satisfy the commonality requirement of Rule 23(a), Plaintiff cannot satisfy the more stringent predominance standard of Rule 23(b). *See, e.g.*, *Tan*, 2016 WL 4721439, at \*5 (reasoning that because the named plaintiff could not satisfy the commonality requirement of Rule 23(a) in light of the arbitration agreements that bound most putative class members, the plaintiff also could not satisfy the predominance requirement of Rule 23(b)). Indeed, allowing Plaintiff to represent putative class members bound by release and/or arbitration agreements would lead to hundreds of "mini-trials" to determine the enforceability of each agreement each of these putative class members has signed. *See, e.g. Spann*, 219 F.R.D. at 323 ("a determination of whether an individual plaintiff has waived his right to recover [by signing a Release] necessitates individualized inquiry into the circumstances surrounding the execution of the Release."); *see also Castro Valley Union 76, Inc.*, 2012 WL 5199458, at \*8 (common issues did not predominate where court would have to resolve "whether any particular station owner has already signed a release with [defendant], and also agreed not to participate in any lawsuit—class or

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

1   individual.").  This would lead to the predominance of individual, rather than

2   common issues.

3        For similar reasons, Plaintiff cannot satisfy the superiority requirement of

4   Rule 23(b), which requires a finding that "a class action is superior to other

5   available methods to fairly and efficiently adjudicating the controversy," with

6   consideration of "the likely difficulties in managing a class action." *In re Autozone*,

7   No. 3:10-md-02159-CRB, 2016 WL 4208200, at *13 (N.D. Cal. Aug. 10, 2016.)

8   The fact that the claims of most putative class members have either been released

9   and/or are subject to arbitration makes a class proceeding an inferior vehicle to

10  pursue these claims.  As the *Tan* court explained, "the class action waiver

11  provisions [in the arbitration agreements] prevent the resolution of claims for all

12  members in a single adjudication."  2016 WL 4721439, at *5.  For this reason,

13  Plaintiff cannot establish that a class action is a superior method of resolving

14  putative class members' claims.  *Id*.; s*ee also Pablo v. ServiceMaster Global*

15  *Holdings, Inc.*, No. C 08-03894 SI, 2011 WL 3476473, at *2 (N.D. Cal. Aug. 9,

16  2011) ("The arbitration agreements . . . support the Court's finding that a class

17  action is not the superior method of adjudication in this case."); *AT&T Mobility v.*

18  *Concepcion*, 131 S. Ct. 1740, 1749 (2011) (noting that arbitration "allow[s] for

19  efficient, streamlined procedures tailored to the type of dispute" and that "the

20  informality of arbitral proceedings is itself desirable, reducing the cost and

21  increasing the speed of dispute resolution.") (citations omitted).

22          **4.      Allowing Plaintiff to Pursue Claims on Behalf of Individuals
                      Whose Claims Are Subject to Arbitration Would**
23          **Impermissibly Undermine the Arbitration Agreements and
                      Conflict with Long-Established Public Policy Favoring**
24          **Arbitration.**

25          In addition, allowing Plaintiff to pursue claims on behalf of these individuals

26  in court would amount to an impermissible end-run around the agreements.  Such a

27  result would run contrary to longstanding federal precedent upholding the validity

28  of arbitration agreements. *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 898

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

(N.D. Cal. 2018) ("The FAA requires the court to compel arbitration of issues covered by the arbitration agreement.") (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").   The Ninth Circuit recognized as much in *O'Connor*.   In that case, the named plaintiff, who had opted out of the defendant's arbitration agreement, argued that he should be permitted to represent individuals who had not opted-out because he had "constructively opted out of arbitration on behalf of the entire class."  *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018).   As the Ninth Circuit recognized, this "unintuitive proposition," would permit one plaintiff to perform an end-run around arbitration agreements to which hundreds (if not thousands) of employees have agreed.  *Id.*; *see also Magana*, 343 F. Supp. 3d at 897 (following *O'Connor* on this point).  The Ninth Circuit soundly rejected such a proposition.  *O'Connor*, 904 F.3d at 1093.

## IV.   <u>CONCLUSION</u>

The weight of authority in this Circuit confirms that the inclusion of any individual whose claims have been released and/or are subject to arbitration within a Rule 23 class is improper.  Accordingly, Better respectfully requests that this Court deny class certification and exclude any employees bound by individual arbitration agreements and/or who have released their claims from Plaintiff's putative class definition.

DEF'S MOT. TO DENY CLASS CERT.
CASE NO. 8:20-CV-01784

1    Dated:  October 1, 2021                    O'MELVENY & MYERS LLP
                                                ADAM J. KARR
2                                               SUSANNAH K. HOWARD
                                                ALLAN W. GUSTIN
3                                               RACQUEL B. MARTIN

4

5                                               By:    /s/ Susannah K. Howard
                                                           Susannah K. Howard
6
                                                Attorneys for Defendant
7                                               Better Mortgage Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28