ADAM J. KARR (S.B. #212288)
akarr@omm.com
ALLAN W. GUSTIN (S.B. #305784)
agustin@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
RACQUEL B. MARTIN (S.B. #331285)
rmartin@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California, 94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Attorneys for Defendant
BETTER MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DOMINGUEZ, individually, on behalf of others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>BETTER MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 8:20-cv-01784 JLS-KES<br><br>**DECLARATION OF KENNA MEYERHOFF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO INVALIDATE UNCOUNSELED RELEASES AND WAIVER AGREEMENTS OBTAINED *EX PARTE* AND FOR CORRECTIVE NOTICE**<br><br>Hearing Date:  March 25, 2022<br>Time:          10:30 a.m.<br>Courtroom:     10A, 10th Floor<br>Before:        Hon. Josephine L. Staton |

1    I, Kenna Meyerhoff, hereby declare and state as follows:

2    1.    I am employed by Better Mortgage Corporation ("Better") as Senior
3    Director of Human Resources Business Partners, and have held that position since
4    March 8, 2021.  Previously, I held the position of Director of Employee Experience
5    at Better from approximately October 2020 to March 8, 2021. Prior to that, though I
6    was employed by a different entity, 1/0 Capital, I held a number of positions
7    supporting Better's recruiting and human resources functions for approximately five
8    years.  I have personal knowledge of the facts set forth herein, and if called upon to
9    testify, I could and would testify competently thereto.

10    2.    As set forth in my October 1, 2021 declaration in support of Better's
11    motion to deny class certification and motion to deny conditional certification under
12    the Fair Labor Standards Act, in the Fall of 2020, Better distributed arbitration
13    agreements ("Arbitration Agreements") electronically to all underwriters, as well as
14    release agreements offering underwriters $5,000 in exchange for a release of most
15    claims asserted by Plaintiff in this lawsuit ("Release").

16    3.    Better previewed both agreements with underwriters during virtual
17    meetings held over Zoom in October 2020, along with several other employment-
18    related topics.  The topics covered included: (i) updates to employee compensation
19    following Better's compensation review process; (ii) terms and conditions for
20    incentive compensation; (iii) Better's offer of a $10,000 retention bonus to
21    underwriters who committed to remain employed by Better for six months; (iv)
22    Better's offer of $5,000 to underwriters who agreed to release most of the claims
23    asserted in this action (except for the FLSA claim); and (v) the roll-out of Better's
24    At-Will Employment Agreement to all employees (which contains the Arbitration
25    Agreement).  A true and correct copy of the slide deck presented to underwriters on
26    these topics is attached hereto as **Exhibit A**.

27    4.    Following the electronic distribution of the release agreements to

28

underwriters, of the few employees who chose not to sign a Release, at least two even went as far as to email Better HR to affirm that choice.   One of these employees subsequently email Better HR to indicate that she had changed her mind and now wanted to sign the release.   Attached hereto as **Exhibits B & C** are true and correct copies of the email communications from these two employees to Better HR regarding the release agreement.

5.     On December 7, 2021, Better learned that Plaintiff's counsel had begun reaching out to underwriters via LinkedIn regarding this lawsuit.   Better became aware of these communications after an underwriter forwarded the LinkedIn message she received from Plaintiff's counsel to her managers.   A true and correct copy of this LinkedIn message is attached hereto as **Exhibit D**.

6.     Rudy Chaidez was an underwriter employed by Better in 2020.   Mr. Chaidez left Better on October 21, 2020.   Attached as **Exhibits E & F** are read receipts showing the date and time on which Mr. Chaidez reviewed the Release and the Arbitration Agreement sent to him electronically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed this 11th day of February, 2022.

Kenna Meyerhoff

Kenna Meyerhoff

DECL. ISO OPP. TO MOT. TO
INVALIDATE AGREEMENTS
CASE NO. 8:20-CV-01784 JLS-KES

EXHIBIT A



BMC0020468
**EXHIBIT A**
**PAGE 3**

# Agenda

- Retaining our talent
- Compensation updates
- Updates

Confidential



# Retaining our talent

better

Proprietary and confidential    3

Confidential

BMC0020470
**EXHIBIT A
PAGE 5**

# Retaining our talent

- We are offering a $10,000 retention bonus to all eligible employees
  - You are eligible if you did not already receive a retention bonus
  - You are eligible if you did not receive a $10,000 sign-on bonus
- Retention agreement details
  - We will offer you $10,000 as part of an affirmation of your continued commitment to Better
  - While you remain an at will employee, signing this document is an acknowledgement that you will not pursue other employment opportunities over the next 6 months
  - Retaining the $10,000 retention bonus is contingent upon adhering to this agreement, the employment agreement and this timeline



Confidential

BMC0020471
**EXHIBIT A**
**PAGE 6**



# Compensation updates

better

Proprietary and confidential   5

Confidential

BMC0020472
**EXHIBIT A**
**PAGE 7**

# Compensation updates

## At Will Employment Agreement

- Everyone at Better will receive
- Includes updates to our current employment agreements
- Must sign for continued employment
- **When to expect:** 10/19

## Comp Letters & Updates

- Everyone at Better will receive
- Includes updates to compensation coming out of compensation review
- Ensure employees understand how they're getting paid
- **When to expect:** Oct 30th

*Timeline:*

- Comp conversation with managers between Oct 26- Oct 30th
- Comp letters hit inbox Oct 30th

## Incentive Terms & Conditions

- Everyone who has incentive as part of their compensation structure at Better will receive
- Ensure employees understand how they're getting paid
- Acknowledgment required by signature
- **When to expect:** Oct 30th

Confidential



# Release of claims

better

Proprietary and confidential     7

Confidential

BMC0020474
EXHIBIT A
PAGE 9

# Release of claims

- We are reviewing a legal claim against the company, alleging that we've misclassified the Underwriting position – stating UW roles should be eligible for overtime pay. We do not believe this allegation to be true.
- With that, we take this extremely seriously, and are undergoing an FLSA audit to ensure correct classification.
- Today, you'll be receiving a **voluntary** release of claims agreement
  - Signing this (again, VOLUNTARY) will give you the right to voluntarily release Better of all claims as it relates to the lawsuit.
  - If you choose to sign, you're eligible for a release payment of $5K
  - If you choose to sign, please do so by Friday 10/23
- We may make adjustments to compensation and classification as necessary coming out of the FLSA audit findings.
- Our ongoing focus will always be on rewarding your performance and contributions to the company.

better                                                                          Proprietary and confidential    8

# Timeline

| Documents | Population | Date will be received |
|---|---|---|
| Retention Agreement | All Underwriters & Team Leads , Front Line Managers & Regional | 10/19/2020 |
| At Will Employment Agreement | All US Employees | 10/19/2020 |
| Release Agreement | Underwriters and TL | 10/19/2020 |
| Incentive - Terms and Conditions | All US Employees on Incentive Plan | 10/30/2020 |
| Compensation Letters | All US employees | 10/30/2020 |
| Offer Letter Changes | All New Hires (post 10.1.2020) | 10/30/2020 |

better

Confidential



Confidential

BMC0020477
**EXHIBIT A**
**PAGE 12**

EXHIBIT B

---------- Forwarded message ---------
From: [REDACTED]
Date: Fri, Oct 23, 2020 at 1:53 PM
Subject: Re: Recap of yesterday's Underwriting Huddle
To: UW Inquiries <uw-inquiries@better.com>

Hello,

I signed the retention agreement. I did not sign the release form.

Thank you.

On Thu, Oct 22, 2020 at 2:38 PM UW Inquiries <uw-inquiries@better.com> wrote:
Hi Everyone,

Just a friendly reminder that we're looking to have folks complete the following by **tomorrow, Oct 23rd.**

1. Sign the release and retention agreements OR
2. Let us know that they don't plan to sign them by responding to this email.

If you have any questions, please feel free to reach out as well. Separately, another reminder that the employment agreement is required for continued employment with Better.

Thank you all!

Kenna

On Tuesday, October 20, 2020 at 9:49:37 AM UTC-4 UW Inquiries wrote:
Team,

Thank you all for the time yesterday discussing these activities in your organization!

We know it was a lot of information so we wanted to send a recap of the highlights and next steps.

## Recap

- We want to give **retention bonuses** and **release payments** over the next several weeks  - and we will be pushing out documents to review and sign in order to receive the bonus.  In particular, there are 3 documents we are asking you to review.

1

BMC0022196

**EXHIBIT B
PAGE 13**

1. The first is a revised **Employment Agreement**. This will be going out to all Better employees, will replace your current employment contract, and is required that you sign.
2. The second is the **Retention Agreement**, which covers the terms around the $10,000* retention bonus.
3. And the third is the **Release Agreement**, which covers the terms around the $5,000* release payment.
   - *Applicable taxes will be applied*

- Regarding the Release, as we discussed, there is a legal claim brought under the Fair Labor Standards Act ("FLSA") that's been filed against Better, alleging that we misclassified the Underwriting job. This particular plaintiff believes these roles should be eligible for overtime pay.
- We talked about the both the lawsuit & the upcoming FLSA audit. And we talked about how the $5,000 payment, if you choose to sign, will be in exchange for your release to join that lawsuit and/or bring similar claims.
- We also want to flag for you that the Employment Agreement contains an arbitration provision, which could also limit what claims you could join as part of that lawsuit.

### Next Steps

- Your Employment Agreement, Retention Agreement, and Release of Claims agreements have been sent to your Work Email (3 separate emails from Docusign).
  - The Employment Agreement is a document sent to each employee and **requires** signature / acknowledgement.
  - The Retention Agreement and the Release of Claims Agreement are totally **voluntary**.
    - You can choose to sign none, one or both of these agreements. But each of these agreements and the above Employment Agreement must be signed prior to each respective monetary payout.

Questions? Reach out to your employee experience team OR uw-inq...@better.com
--
You received this message because you are subscribed to the Google Groups "Underwriting" group.
To unsubscribe from this group and stop receiving emails from it, send an email to underwriting+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/underwriting/fedbb5a9-f1c7-4358-ad36-4431323a1acfn%40better.com.
--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/CAODEOKf5BSfe9x_Oro-bsBZUxm7s-OYVaXS%2Bh0ks9ecKvRg8ew%40mail.gmail.com.

2

BMC0022197
**EXHIBIT B**
**PAGE 14**

EXHIBIT C



---------- Forwarded message ---------
From: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆
Date: Thu, Oct 22, 2020 at 8:54 PM
Subject: Re: Recap of yesterday's Underwriting Huddle
To: UW Inquiries <uw-inquiries@better.com>

Hello,

I've signed the retention agreement, and Employment agreement, but will not be signing the release agreement.

Thank you,

▆▆▆▆▆▆▆
Sr Underwriter

On Thu, Oct 22, 2020 at 2:38 PM UW Inquiries <uw-inquiries@better.com> wrote:
Hi Everyone,

Just a friendly reminder that we're looking to have folks complete the following by **tomorrow, Oct 23rd.**

1. Sign the release and retention agreements OR
2. Let us know that they don't plan to sign them by responding to this email.

If you have any questions, please feel free to reach out as well. Separately, another reminder that the employment agreement is required for continued employment with Better.

Thank you all!

Kenna

On Tuesday, October 20, 2020 at 9:49:37 AM UTC-4 UW Inquiries wrote:
Team,

Thank you all for the time yesterday discussing these activities in your organization!

BMC0031334
**EXHIBIT C**
**PAGE 15**

We know it was a lot of information so we wanted to send a recap of the highlights and next steps.

## Recap

- We want to give **retention bonuses** and **release payments** over the next several weeks  - and we will be pushing out documents to review and sign in order to receive the bonus.  In particular, there are 3 documents we are asking you to review.

    1. The first is a revised **Employment Agreement**.  This will be going out to all Better employees, will replace your current employment contract, and is required that you sign.
    2. The second is the **Retention Agreement**, which covers the terms around the $10,000* retention bonus.
    3. And the third is the **Release Agreement**, which covers the terms around the $5,000* release payment.
        - *Applicable taxes will be applied*

- Regarding the Release, as we discussed, there is a legal claim brought under the Fair Labor Standards Act ("FLSA")  that's been filed against Better, alleging that we misclassified the Underwriting job. This particular plaintiff believes these roles should be eligible for overtime pay.
- We talked about the both the lawsuit & the upcoming FLSA audit.  And we talked about how the $5,000 payment, if you choose to sign, will be in exchange for your release to join that lawsuit and/or bring similar claims.
- We also want to flag for you that the Employment Agreement contains an arbitration provision, which could also limit what claims you could join as part of that lawsuit.

## Next Steps

- Your Employment Agreement, Retention Agreement, and Release of Claims agreements have been sent to your Work Email (3 separate emails from Docusign).
    - The Employment Agreement is a document sent to each employee and **requires** signature / acknowledgement.
    - The Retention Agreement and the Release of Claims Agreement are totally **voluntary**.
        - You can choose to sign none, one or both of these agreements.  But each of these agreements and the above Employment Agreement must be signed prior to each respective monetary payout.

Questions? Reach out to your employee experience team OR uw-inq...@better.com

--
You received this message because you are subscribed to the Google Groups "Underwriting" group.
To unsubscribe from this group and stop receiving emails from it, send an email to underwriting+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/underwriting/fedbb5a9-f1c7-4358-ad36-4431323a1acfn%40better.com.


--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/CACZpP4RxzQxFY_2W72%3DK_heZ_LymheNUmEAF4Tstyka7wCFAcw%40mail.gmail.com.

Confidential

| | |
|---|---|
| **From:** | Chayanee Ubol <cubol@better.com> |
| **Sent:** | Tuesday, November 3, 2020 12:51 PM |
| **To:** | ███████████ |
| **Cc:** | UW Inquiries |
| **Subject:** | Re: Signed Release |

HI ███████,

Thank you for your note - yes you can still sign the docusign.

We can release payment later this week.

Please let me know if you need anything else.

Thanks,
Chayanee

On Tue, Nov 3, 2020 at 12:43 PM ████████████████████ wrote:
Good morning,

I/ve been rethinking my decision about not signing the release form. While ( in my opionion) there is a good chance Better will be found to be in error in regards to the classification of Underwriters being exempt ( at least in California), I believe Better has been fair in the overall compensation and overall caring for their employees and am thankful to be part of the team. With that said, would it be possible to sign the release and still receive the $5,000 as originally offered.

████████████
Sr Underwriter

--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/CACZpP4QSPsz8Xv71MOk4D0CTQFJDrXxSAtYRX25cRJrCGpnHKA%40mail.gmail.com.
--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/CACPEQe03gGyrBm5JU8MxEhKs6uNnN_wYxEFunVB_u1wQMU58ig%40mail.gmail.com.

1

Confidential

EXHIBIT D

9:03

## Investigation Re: Better's Communications with Underwriters, Advertising Material ☆

Inbox



**Matthew Helland**  8:51 AM
to me ⌄

Advertising Material

Dear ▮,

We are the attorneys representing Lorenzo Dominguez, the former Underwriter whose lawsuit filed in a California federal court is trying to make Better Mortgage pay him, and all of its Underwriter employees, overtime pay under the federal Fair Labor Standards Act and (for California employees) California's overtime laws. The U.S. Court of Appeals for the Ninth Circuit (which controls the federal courts in California and eight other states) ruled that a bank's salaried mortgage underwriters were owed overtime pay in McKeen-Chaplin v. Provident Bank, and we contend the same result is required for Better's underwriting employees. For more details, feel free to visit our website page for this case: https://www.nka.com/cases/employment-cases/better-mortgage.html.

We were shocked at Better's recent

EXHIBIT D
PAGE 18

9:03

We were shocked at Better's recent announcement laying off a large portion of its workforce (including Underwriters). We are also aware that Better has engaged in tactics aimed at preventing Underwriters from exercising rights to overtime pay by joining together with other Underwriters in our pending potential class and collective action case. The next thing the court will decide in our case is our pending motion to invalidate arbitration agreements that waived class and collective action rights, and to invalidate release agreements that attempted to waive employees' rights to overtime pay under state law. In order to learn as much as we can about Better's communications so we can present the strongest possible case for invalidating these attempts to get Underwriters to sign away their rights, we would like to speak to you – confidentially, without charge or obligation – regarding your experiences at Better.

Please feel free to contact us however you feel comfortable to discuss this. If you are worried that you have might signed something that would prohibit you from speaking with an attorney about this matter, your right to speak confidentially with an attorney cannot be waived – and, as Better's Employment Agreement says explicitly, "nothing in this Agreement, including its definition of Company Confidential Information, is intended to limit employees' rights to discuss the terms, wages, and working conditions of their employment, nor to deny employees the right to disclose information pertaining to sexual harassment or any unlawful or potentially unlawful conduct, as protected by



9:04

rights to discuss the terms, wages, and working conditions of their employment, nor to deny employees the right to disclose information pertaining to sexual harassment or any unlawful or potentially unlawful conduct, as protected by applicable law."

Feel free to contact Julia McGuire at (612) 256-3267 or at JMcGuire@nka.com, or you may communicate through the case details page on our firm's website. We look forward to hearing from you.

Sincerely,

Matt Helland
Nichols Kaster, LLP
235 Montgomery St., Ste. 810
San Francisco, CA 94104
415-277-7235

Advertising Material

Yes, interested...    No thanks...

Reply

View Matthew's LinkedIn profile



Unsubscribe  |  Help

This email was intended for Dawn Iverson (Sr. Underwriter at Better.com). Learn why we included this.

Linked in

© 2021 LinkedIn Corporation, 1000 West Maude Avenue,

EXHIBIT E

| From: | DocuSign NA3 System <dse_NA3@docusign.net> on behalf of 'DocuSign via DocuSign' via UW Inquiries <uw-inquiries@better.com> |
| Sent: | Monday, October 19, 2020 6:27 PM |
| To: | uw-inquiries@better.com |
| Subject: | Rudy Chaidez viewed Please DocuSign: Release Agreement |

# DocuSign



At 10/19/2020 6:27:29 PM EDT, Rudy Chaidez opened and viewed your documents, Release Agreement.

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
DB405A9F037841E081FFCFB2969245C63

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

1

Confidential

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by uw-inquiries@better.com who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/b0c6603841104f79acc1c7f03e8b53b9%40docusign.net.

2

Confidential

BMC0016371

**EXHIBIT E
PAGE 22**

EXHIBIT F

| | |
|---|---|
| **From:** | DocuSign NA3 System <dse_NA3@docusign.net> on behalf of 'DocuSign via DocuSign' via UW Inquiries <uw-inquiries@better.com> |
| **Sent:** | Monday, October 19, 2020 6:30 PM |
| **To:** | uw-inquiries@better.com |
| **Subject:** | Rudy Chaidez viewed Please DocuSign: Better Holdco & Better Mortgage Corp - At-Will Employment Agreement (CA) |

## DocuSign



At 10/19/2020 6:29:46 PM EDT, Rudy Chaidez opened and viewed your documents, Better Holdco & Better Mortgage Corp - At-Will Employment Agreement (CA).

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
76F1CFB5F4094267BE95C46A031770BE3

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

1

BMC0016468
**EXHIBIT F
PAGE 23**

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by uw-inquiries@better.com who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

--
You received this message because you are subscribed to the Google Groups "UW Inquiries" group.
To unsubscribe from this group and stop receiving emails from it, send an email to uw-inquiries+unsubscribe@better.com.
To view this discussion on the web visit https://groups.google.com/a/better.com/d/msgid/uw-inquiries/40858382f67741b5b752f64c0a9cec2d%40docusign.net.

2

BMC0016469

**EXHIBIT F
PAGE 24**

**PROOF OF SERVICE**

I, Adonna Powell, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California  92660-6429.

On February 11, 2022, I electronically filed the attached document:

**DECLARATION OF KENNA MEYERHOFF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO INVALIDATE UNCOUNSELED RELEASES AND WAIVER AGREEMENTS OBTAINED EX PARTE AND FOR CORRECTIVE NOTICE**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

MATTHEW C. HELLAND
helland@nka.com
DANIEL S. BROME (S.B. #278915)
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile:  (415) 277-7238

JASON CHRISTOPHER MARSILI
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2622
Telephone: (213) 389-6050
Facsimile:  (213) 389-0663

C. ANDREW HEAD
ahead@headlawfirm.com
BETHANY HILBERT
bhilbert@headlawfirm.com
HEAD LAW FIRM, LLC
730 Peachtree St NE, Suite 600
Atlanta, GA 30308 (virtual office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile:  (404) 796-7338

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2022, at Newport Beach, California.

PROOF OF SERVICE