```
 1  ADAM J. KARR (S.B. #212288)
    akarr@omm.com
 2  O'MELVENY & MYERS LLP
    400 South Hope Street
 3  Los Angeles, California  90071-2899
    Telephone:  (213) 430-6000
 4  Facsimile:  (213) 430-6407

 5  SUSANNAH K. HOWARD (S.B. #291326)
    showard@omm.com
 6  RACQUEL B. MARTIN (S.B. #331285)
    rmartin@omm.com
 7  O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
 8  San Francisco, California  94111-3823
    Telephone:  (415) 984-8700
 9  Facsimile:  (415) 984-8701

10  PAUL A. HOLTON (S.B. #313047)
    pholton@omm.com
11  O'MELVENY & MYERS LLP
    610 Newport Center Drive, 17th Floor
12  Newport Beach, California  92660-6429
    Telephone:  (949) 823-7112
13  Facsimile:  (949) 823-6994

14  Attorneys for Defendant
    BETTER MORTGAGE CORPORATION
15
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DOMINGUEZ, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BETTER MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 8:20-cv-01784 JLS-KES<br><br>**DECLARATION OF SUSANNAH K. HOWARD IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO INVALIDATE UNCOUNSELED RELEASES AND WAIVER AGREEMENTS OBTAINED *EX PARTE* AND FOR CORRECTIVE NOTICE**<br><br>Hearing Date:  March 25, 2022<br>Time:  10:30 a.m.<br>Courtroom:  10A, 10th Floor<br>Before:  Hon. Josephine L. Staton |

I, Susannah K. Howard, hereby declare and state as follows:

1.  I am a member of the bar of the State of California and a partner at the law firm of O'Melveny & Myers LLP, counsel of record for Defendant Better Mortgage Corporation ("Better"). I submit this declaration in support of Better's Opposition to Plaintiff's Motion to Invalidate Uncounseled Releases and Waiver Agreements Obtained *Ex Parte* and For Corrective Notice. I have personal knowledge of the matters set forth in this declaration and if called to testify as a witness, could and would do so under oath.

2.  On December 12, 2021, Better served Plaintiff with discovery requests regarding Plaintiff's communications with underwriters regarding certain agreements, including At-Will Employment Agreements that contained an arbitration provision ("Arbitration Agreement"), and agreements offering currently-employed underwriters $5,000 to voluntarily release most claims arising from the facts alleged in Plaintiff's Complaint ("Releases"). Later the same day, Plaintiff served Better with discovery requests seeking contact information for underwriters that had signed either a Release or an Arbitration Agreement, copies of all signed Releases and Arbitration Agreements, and all communications regarding the Releases and Arbitration Agreements.

3.  On January 10, 2022, both parties responded to the discovery requests served on December 12.

4.  On January 24, 2022, after the parties had finalized a protective order, Better provided amended interrogatory responses to Plaintiff that included the contact information for underwriters who had signed a Release or Arbitration Agreement.

5.  On January 27, 2022, Better made its first production of documents, containing signed Releases and Arbitration Agreements, as well as non-privileged

communications regarding the Releases and Arbitration Agreements. Better made a supplemental document production on February 8, 2022, which contained additional responsive documents that were largely duplicative of the documents produced on January 27. To date, Better has produced 5,274 documents (38,117 pages) responsive to Plaintiff's requests.

6. Plaintiff has not produced any documents in response to Better's discovery requests. Rather, Plaintiff has asserted that he has no non-privileged documents reflecting communications regarding the Release and/or Arbitration Agreements, and has stated he has no statements from putative class or collective action members regarding the Release and/or Arbitration Agreements other than the Declaration of Rudy Chaidez, filed with Plaintiff's motion. Attached as **Exhibit A** is a true and correct copy of Plaintiff's responses to Better's written discovery requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of February, 2022, at San Francisco, California.

_____

Susannah K. Howard

EXHIBIT A

| | |
|---|---|
| 1 | Matthew C. Helland, CA State Bar No. 250451 |
| | Helland@nka.com |
| 2 | Daniel S. Brome, CA State Bar No. 278915 |
| 3 | dbrome@nka.com |
| | NICHOLS KASTER, LLP |
| 4 | 235 Montgomery St., Suite 810 |
| 5 | San Francisco, CA 94104 |
| | Telephone: (415) 277-7235 |
| 6 | Facsimile: (415) 277-7238 |
| 7 | |
| | Jason Christopher Marsili (CA SBN 233980) |
| 8 | jmarsili@rmrllp.com |
| 9 | ROSEN MARSILI RAPP LLP |
| | 3600 Wilshire Blvd., Suite I 800 |
| 10 | Los Angeles, CA 90010-2622 |
| 11 | Telephone: (213) 389-6050 |
| | Facsimile: (213) 389-0663 |
| 12 | |
| 13 | *Attorneys for Plaintiff and Others Similarly Situated* |
| | *Additional Counsel Listed on Following Page* |

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lorenzo Dominguez, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. 8:20-cv-01784-JLS-KES |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Better Mortgage Corporation, | |
| Defendant. | |

C. Andrew Head (admitted *pro hac vice*)
ahead@headlawfirm.com
Bethany Hilbert (admitted *pro hac vice*)
bhilbert@headlawfirm.com
HEAD LAW FIRM, LLC
730 Peachtree St NE, Suite 600
Atlanta, GA 30308 (virtual office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile: (404) 796-7338

-2-

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERRAGATORIES

**EXHIBIT A**
**PAGE 4**

## GENERAL OBJECTIONS AND QUALIFICATIONS

Plaintiff objects to each discovery request to the extent the request calls for the disclosure of material protected by a privilege, including but not limited to information protected by attorney work-product and/or attorney-client privileges. In particular, Defendant's definition of the term "You" to include Plaintiff's counsel causes Defendant's Requests to seek privileged information and documents. Plaintiff objects to each discovery request to the extent the request seeks information not relevant to the claims or defenses in this case and/or is not proportionate to the needs, and thus imposes a burden on Plaintiff beyond what the Federal Rules of Civil Procedure permit.

## INTERRAGATORIES

**INTERROGATORY NO. 1**: IDENTIFY ALL persons with whom you have communicated (including persons YOU have messaged via e-mail or social media application such as LinkedIn, regardless of whether YOU received a response) regarding release and/or arbitration agreements that plausibly cover the claims asserted by You in this action, including but not limited to current or former employees of Better.

**OBJECTION**: Plaintiff objects to this Interrogatory to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege.

**RESPONSE**: Subject to these objections, Plaintiff has communicated with the following individuals: Robert Gonzalez and Raymond [unsure of last name].

**INTERROGATORY NO. 2**: For each person identified in response to Interrogatory No. 1, list the dates of Your communications regarding release and/or arbitration agreements that plausibly cover the claims asserted by You in this action.

**OBJECTION**: Plaintiff objects to this Interrogatory to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege.

**RESPONSE**: Subject to these objections, Plaintiff has communicated with the individual(s) identified above on the following dates: Robert Gonzalez telephoned Plaintiff

on or around October 20, 2020 and Plaintiff attempted to communicate with Raymond on or around October 20, 2020.

**INTERROGATORY NO. 3**: IDENTIFY ALL persons whom have provided You with a statement regarding release and/or arbitration agreements that plausibly cover the claims asserted by You in this action, including but not limited to current or former employees of Better.

**OBJECTION**: Plaintiff objects to this Interrogatory to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege. Plaintiff further objects that this Interrogatory seeks trial preparation materials, protected from disclosure by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Subject to these objections, Plaintiff directs Defendant to the Declaration of Rudy Chaidez, filed in support of Plaintiff's Motion to Invalidate Uncounseled Releases and Waiver Agreements Obtained *ex Parte* and for Corrective Notice (ECF No. 52–4).

**INTERROGATORY NO. 4:** IDENTIFY ALL documents on which You intend to rely in opposing Better's motion to deny class certification (Docket No. 53) and motion to deny conditional certification under the Fair Labor Standards Act (Docket No. 54).

**OBJECTION:** Plaintiff objects to this Interrogatory to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege. Plaintiff further objects that this Interrogatory seeks trial preparation materials, protected from disclosure by Fed. R. Civ. P. 26(b)(3).

**AS TO OBJECTIONS:**

Dated: January 10, 2022            **HEAD LAW FIRM, LLC**
                                   **NICHOLS KASTER, LLP**

                                   By:   s/ Matthew C. Helland

-4-

Matthew C. Helland

Attorneys for Plaintiff and Others Similarly Situated

**AS TO RESPONSES:**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/10/2022    By: *Lorenzo Dominguez*
                         LORENZO DOMINGUEZ

```
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Jason Christopher Marsili (CA SBN 233980)
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite I 800
Los Angeles, CA  90010-2622
Telephone: (213) 389-6050
Facsimile: (213) 389-0663
```

*Attorneys for Plaintiff and Others Similarly Situated*
*Additional Counsel Listed on Following Page*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lorenzo Dominguez, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>Better Mortgage Corporation,<br><br>Defendant. | **Case No. 8:20-cv-01784-JLS-KES**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

C. Andrew Head (admitted *pro hac vice*)
ahead@headlawfirm.com
Bethany Hilbert (admitted *pro hac vice*)
bhilbert@headlawfirm.com
HEAD LAW FIRM, LLC
730 Peachtree St NE, Suite 600
Atlanta, GA 30308 (virtual office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile: (404) 796-7338

## GENERAL OBJECTIONS AND QUALIFICATIONS

Plaintiff objects to each discovery request to the extent the request calls for the disclosure of material protected by a privilege, including but not limited to information protected by attorney work-product and/or attorney-client privileges. In particular, Defendant's definition of the term "You" to include Plaintiff's counsel causes Defendant's Requests to seek privileged information and documents. Plaintiff objects to each discovery request to the extent the request seeks information not relevant to the claims or defenses in this case and/or is not proportionate to the needs, and thus imposes a burden on Plaintiff beyond what the Federal Rules of Civil Procedure permit.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST OF PRODUCTION NO. 1**: All DOCUMENTS RELATING TO communications to or from YOU regarding release agreements and/or arbitration agreements that plausibly cover the claims asserted in this action, including but not limited to communications to or from current or former Better employees.

**OBJECTION**: Plaintiff objects to this Request to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege. Plaintiff further objects that this Interrogatory seeks trial preparation materials, protected from disclosure by Fed. R. Civ. P. 26(b)(3). Plaintiff further objects that this Request is vague and overbroad based on the phrase "DOCUMENTS RELATING TO communications," which renders the request an overbroad omnibus request that is not limited to any type of documents, and which is therefore not reasonably particularized.

**RESPONSE**: Subject to these objections, Plaintiff has no responsive documents. Plaintiff will not produce litigation materials created by counsel or communications between counsel and their clients, which are protected by the attorney-client privilege and/or work product doctrines. Other than this material, Plaintiff is not knowingly withholding documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 2**: All DOCUMENTS RELATING TO statements obtained from any person regarding release agreements and/or arbitration agreements that plausibly cover the claims asserted in this action, including but not limited to statements from current or former Better employees.

**OBJECTION**: Plaintiff objects to this Request to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege. Plaintiff further objects that this Interrogatory seeks trial preparation materials, protected from disclosure by Fed. R. Civ. P. 26(b)(3). Plaintiff further objects that this Request is vague and overbroad based on the phrase "DOCUMENTS RELATING TO communications," which renders the request an overbroad omnibus request that is not limited to any type of documents, and which is therefore not reasonably particularized.

**RESPONSE**: Subject to these objections, Plaintiff directs Defendant to the Declaration of Rudy Chaidez, filed in support of Plaintiff's Motion to Invalidate Uncounseled Releases and Waiver Agreements Obtained *ex Parte* and for Corrective Notice (ECF No. 52–4). Plaintiff has not identified any Previous Statements as defined by Fed. R. Civ. P. 26(b)(3)(C). Plaintiff will not produce litigation notes created by counsel or communications between counsel and their clients, which are protected by the attorney-client privilege and/or work product doctrines. Other than this material, Plaintiff is not knowingly withholding documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 3**: All DOCUMENTS identified in response to Better's Interrogatory No. 4.

**OBJECTION**: Plaintiff objects to this Interrogatory to the extent it calls for information protected from disclosure by the work-product doctrine and/or attorney-client privilege. Plaintiff further objects that this Interrogatory seeks trial preparation materials, protected from disclosure by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Plaintiff will not produce litigation notes created by counsel or trial preparation materials, which are protected by work product doctrine and Fed. R. Civ. P.

-4-

26(b)(3)(A). Nor will Plaintiff produce communications between counsel and their clients, which is protected by the attorney-client privilege. Plaintiff has not located any responsive, non-privileged documents.

Dated: January 10, 2022

**HEAD LAW FIRM, LLC**
**NICHOLS KASTER, LLP**

By:   s/ Matthew C. Helland
      Matthew C. Helland

Attorneys for Plaintiff and Others Similarly Situated

-5-

# PROOF OF SERVICE

I, Adonna Powell, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California 92660-6429.

On February 11, 2022, I electronically filed the attached document:

**DECLARATION OF SUSANNAH K. HOWARD IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO INVALIDATE UNCOUNSELED RELEASES AND WAIVER AGREEMENTS OBTAINED *EX PARTE* AND FOR CORRECTIVE NOTICE**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

MATTHEW C. HELLAND
helland@nka.com
DANIEL S. BROME (S.B. #278915)
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

JASON CHRISTOPHER MARSILI
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010-2622
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

C. ANDREW HEAD
ahead@headlawfirm.com
BETHANY HILBERT
bhilbert@headlawfirm.com
HEAD LAW FIRM, LLC
730 Peachtree St NE, Suite 600
Atlanta, GA 30308 (virtual office)
4422 N. Ravenswood Ave.
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile: (404) 796-7338

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2022, at Newport Beach, California.

*/s/ signature*