# EXHIBIT A-2

*Dominguez v. Better Mortgage Corp.*, Case No. 8:20-cv-01784-JLS-KES
**United States District Court for the Central District of California**

**If you signed a Release Agreement and/or an At-Will Employment/Arbitration Agreement ~~while~~after becoming employed by Better Mortgage, the District Court has ~~ordered~~issued an order that ~~those agreements are VOID as~~may affect your ability to ~~any claims asserted~~participate in ~~this case, and cannot be used in any way to prohibit you from participating in or recovering from this case~~the above-captioned lawsuit.**

CORRECTIVE NOTICE

[NAME]

[ADDRESS]

[EMAIL ADDRESS]

DATES OF EMPLOYMENT AT BETTER: [Insert]

PLEASE READ THIS COURT-ORDERED NOTICE CAREFULLY.

1. Why am I receiving this Notice?

You are receiving this Notice because the federal District Court has made a ruling affecting your rights in a lawsuit entitled *Dominguez v. Better Mortgage Corporation*, ~~filed as a potential class and collective action on behalf of current and former underwriting employees seeking recovery of unpaid overtime under federal and California laws~~ (the "lawsuit"), ~~that~~which is now pending in the U.S. District Court for the Central District of California (the "District

-1-

Court"). ~~The Judge presiding over the lawsuit has approved this Notice and ordered Defendant Better Mortgage Corporation ("Better") to send it to you. As a current or former underwriting employee of Better who was paid as if you were exempt from the federal and state overtime pay laws~~ Based upon Better's records, you are a potential ~~federal law collective action~~ class member ~~(and if you worked~~ in ~~California, a potential state law class member) in that lawsuit.~~

~~The former underwriting employee who filed the lawsuit, Lorenzo Dominguez ("Plaintiff"), brought it to the attention of the Court that beginning on October 19, 2020, after being served with this lawsuit, Better sent its underwriting employees DocuSign emails containing electronic links to~~ the lawsuit.  Better's records also indicate that you signed a Release Agreement and/or an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement ("Employment Agreement") ~~(and did so again beginning January, 2021), and a separate Release Agreement ("Release Agreement") (those two agreements are collectively referred to in this Notice as the "Waiver Agreements"). The Employment Agreement, if signed and found legally enforceable, would have prohibited you from participating in this case, waived your right to a jury trial or to appeal, and would have required that you could not assert any of the work-related claims (including those alleged on your behalf in this case) in any court and instead could only do so by filing a claim in private arbitration solely on your own as an individual (not as a member of any class or collective action). The Release Agreement, if signed and found legally enforceable, would have forfeited and released all claims of the type alleged in this case that you might have had under California law or the wage laws of any other state.~~ these two agreements are referred to collectively in this Notice as "the Agreements") while you were already employed by Better.  The District Court has ordered that you be sent this Notice to advise you of its decision that, notwithstanding your entry into the Agreements, you may (but are not required to) participate in the lawsuit,

~~The Court did not review, approve, or know about the presentation of these Waiver Agreements to potential class and collective action members before Better presented them to you. The Court has since learned of the Waiver Agreements and the manner in which they were communicated, and the Court has ruled that Better engaged in misleading and coercive conduct in presenting the Waiver Agreements that was designed to impermissibly thwart current employees' participation in this lawsuit.~~

~~You are being sent this Court-ordered Notice because you signed one or both of those Waiver Agreements after you started working for Better. The Court has approved sending you this corrective notice to clear up any confusion regarding the effect of the Waiver Agreements, by making it clear that they cannot in any way impact your rights regarding this lawsuit.~~

~~The Court has ruled that both of the Waiver Agreements are void and cannot be used in any way to prohibit you from joining, participating in, or receiving any recovery from, this lawsuit. In addition, the Court prohibited Better from requesting reimbursement of any payments made. The Court is **not** requiring that you return any monies paid to you.~~

-2-

2. What is this lawsuit about?

~~Generally, the provisions of the federal and state overtime laws require that, for all overtime hours that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless the employer carries its burden of proving that employee is properly classified as "exempt" from the applicable overtime laws.~~ Plaintiff filed claims in the lawsuit on behalf of a proposed nationwide opt-in collective under federal law, and a proposed class action under California law, of current and former mortgage loan underwriting employees for unpaid overtime wages and other work-related claims. Plaintiff alleges that Better violated the applicable overtime laws as to all underwriters by failing to pay him and other underwriters overtime wage premiums. ~~Regarding the unpaid overtime claims under the federal Fair Labor Standards Act ("FLSA"), Plaintiff contends that he and all other underwriters nationwide should have been paid overtime wages for all time they worked in excess of forty (40) hours in a week, doubled for additional liquidated damages under the FLSA. Under federal law, if plaintiff(s) prevailed, Better would also be required to pay the prevailing plaintiff(s)' attorney's fees and costs in addition to, not by deduction from, the amounts owed to the employee.~~ Better asserts that it has properly paid underwriters in accordance with applicable law.

~~Plaintiff also alleged class action claims for all underwriters who worked in California for failure to pay overtime under California state law, which—unlike the federal law—does not allow Better to claim any special exemption from owing overtime due to paying underwriters more than $107,432 annually (beginning 2020; $100,000 in years prior). Because that "highly compensated employee" special exemption defense is not available to Better as to overtime allegedly owed under California law, Plaintiff contends that the likelihood of prevailing on California claims is even higher than on federal overtime claims for employees paid those amounts. Plaintiff contends that California underwriters should have been paid overtime wages under California state law at a rate of 1.5 times their regular rate of pay (total salary and bonus per week divided by 40 hours) for all time that they worked over 40 hours a week, and (if greater) all time worked over 8 hours in a day or on the seventh consecutive day worked, and double time for hours after 12 in a day or after 8 on the seventh consecutive day worked. In addition, Plaintiff claims that California underwriters are owed 10% interest on unpaid overtime pay from the date each payment was due through the date of judgment.~~

~~By way of example, Plaintiff calculates that an underwriter earning a salary of $100,000 per year and working 10 hours per week of overtime would be entitled to $721.15 per week of unpaid overtime wages. If that employee earned $40,000 in bonus payments spread evenly over the year, Plaintiff contends the employee would be entitled to an additional $288.46 per week in unpaid overtime wages. All told, according to Plaintiff's calculations, this example employee would be due $1,009.61 in unpaid overtime for each week of the statutory recovery period. Over a one year period, these amounts owed would total $52,499.72 under both federal and California law—*before* doubling that amount to $104,999.44 for liquidated damages (federal law), or~~

~~increasing that amount for hours worked over 8 in a day or double time hours and then adding 10% interest (California law for underwriters who worked in California).~~

~~In addition to unpaid overtime, Plaintiff contends that he and other underwriters who worked in California are entitled to premium payments and monetary penalties under California law for failure to provide accurate wage statements detailing the hours worked and rates of pay, failure to pay all wages due upon termination (for those whose employment terminated), failure to reimburse cellular phone and home office internet expenses while working remotely, and failure to provide, authorize, or permit proper meal and rest periods. Under California law, non-exempt employees are entitled to a timely, 30 minute, uninterrupted meal period, and two 10 minute rest periods, in a typical work day. Plaintiff contends that Better owes premium payments of one hour of pay for each day Better failed to provide a compliant meal period, and one hour of pay for each day Better failed to provide a compliant rest period. Assuming only one missed meal period or rest period each day, an employee with the compensation described above would be owed $19,998.33 over a one year period in premium payments alone. Plaintiff also contends that underwriters are owed an additional amount in California law penalties of up to $4,000 per employee for failure to provide accurate wage statements, and (for employees whose employment terminated for any reason) up to 30 days of pay as a penalty for failing to pay all wages due at termination (i.e., an additional $18,460), in addition to any amount determined to be owed for unreimbursed business expenses incurred while working remotely.[1] And as with the federal law claims, if plaintiff(s) prevailed on California overtime and/or most of the other California law claims, Better would also be required to pay the prevailing plaintiff(s)' attorney's fees and costs in addition to, not by deduction from, the amounts owed to the employee.~~

~~The above discussion is only a sample hypothetical calculation. Damages could be higher than this hypothetical calculation if, for example, an employee worked more than 10 hours of overtime in a week, earned more than the assumed base and bonus pay, or worked longer than the assumed one year within the applicable statutory limitations period. Damages could be lower if, for example, an employee earned or worked less, or if the Court determined that Plaintiff and other underwriters were not entitled to some or all damages or penalties under Plaintiff's proposed calculation method.~~

~~The "statute of limitations" — the time limit after which you forfeit your ability to recover overtime pay for hours worked in a week — under federal law is two years (three if the violation was "willful") preceding the date you file a court action (or a consent to join this lawsuit), and the statute of limitations for California overtime and most other California claims is four years preceding the September 18, 2020 filing date of this lawsuit (for other states having overtime laws available to you, it ranges from two or three years for some states to six years under New York law). The federal statute of limitations has been tolled for certain periods in this lawsuit.~~

---

[1] ~~Plaintiff also filed a representative action under California's Private Attorneys General Act ("PAGA"), seeking to recover all aggrieved California underwriters' statutorily provided share of certain additional monetary civil penalty amounts.~~

3. How does the Court's ruling affect me?

~~Plaintiff alleges (and Better denies) that you have valid claims arising out of your employment as a salaried, exempt-paid underwriting employee; that the Employment Agreement waiving your right to a trial in court, requiring arbitration, and forfeiting your right to participate in a class and collective action was not in your best interest; and that the $5,000 amount paid under the Release Agreement bore no relation to the potential value of your claims.~~  The <u>District</u> Court has ~~now ruled~~<u>issued an interlocutory ruling</u> that both of ~~those agreements~~<u>the Agreements</u> are <u>void</u> ~~and~~<u>with respect to the lawsuit if they were signed after your employment already began, and thus</u> cannot bar your participation in ~~this case.~~

~~A class action is a type of lawsuit brought by one or more plaintiffs on behalf of themselves and others sharing common claims. To maintain a class action on behalf of a class of individuals in this~~ <u>the</u> lawsuit~~, Plaintiff must file a request for class certification that establishes that the lawsuit should proceed as a class action, which is usually filed later in the litigation after the parties have completed the discovery phase. If that request for class certification is granted, the lawsuit will continue and Plaintiff and his attorneys will collectively represent all potential class members through trial, unless a potential class member affirmatively opts out. If that request for class certification is denied, Plaintiff and anyone who joins the lawsuit as a Plaintiff may individually pursue the claims alleged in the lawsuit, but may not pursue the class claims on behalf of you or any other potential class member.~~

~~A collective action is a lawsuit under the federal Fair Labor Standards Act that any similarly situated employee has a right to join by affirmatively filing a signed consent to opt-in. Plaintiffs typically file a request for Court approval to issue notice of rights to join that collective action lawsuit and seek recovery on federal overtime claims, usually before the parties begin the discovery phase. If the Court grants that request, notice issues to the potential collective action members. And if the Court~~<u>. The District Court's ruling</u> does not ~~decertify that collective action, Plaintiff and his attorneys will collectively represent all individuals who filed consents to join the lawsuit through trial. You can only join the collective action FLSA overtime claims in the lawsuit by filing a signed consent to join the lawsuit as an opt-in plaintiff~~<u>affect the validity of the Agreements with respect to any disputes between you and Better other than with respect to the *Dominguez* lawsuit.  Additionally, the District Court's ruling is not a final judgment, and it is subject to appellate review, either while the case is pending or after a final judgment is issued.</u>

The <u>District</u> Court has not yet determined whether the case will proceed as a class or collective action.  The Court also has not ruled on whether the Plaintiff's claims or Better's defenses have merit. ~~The Court has, however, denied Better's motions to deny certification of a class or collective action on the basis of the Waiver Agreements.~~ Better denies that Plaintiff's claims have merit and denies that the case should be allowed to proceed as a class and<u>/or</u> collective action.

-5-

_____You are not required to do anything ~~in order for the Waiver Agreements to be unenforceable.~~at this time. If the Court later certifies this case to proceed as a nationwide opt-in collective action for underwriting employees, and/or certifies a class action for California underwriting employees, you will be notified of your ~~opt-in~~ rights and any action you may need to take to participate in this case at the appropriate time after any such collective ~~certification ruling. If the Court later certifies a class action of which you are a class member, or Plaintiff is permitted to pursue claims as your representative, you will be part of the litigation and will be notified accordingly.~~ or class certification ruling.

~~Any Waiver Agreement you previously signed with Better has now been ruled void as it relates to this lawsuit, and Better cannot prohibit you from joining, participating in, or receiving any recovery from this lawsuit based on any agreement you signed as a Better employee. In addition, the Court ruled that Better is prohibited from requesting reimbursement of any payments made. *The Court is **not** requiring that you return any monies paid to you.* The Court will decide later whether Better may (or may not) be entitled to any offset for payments made against any recovery amount you might receive from the lawsuit. Even if no payments are awarded by the Court in the future, you will not be required to return any payment you previously received from Better for signing the Release Agreement and/or Employment Agreement.~~

~~In addition, the Court's Order ruled~~  If you signed a Release Agreement and received $5,000 from Better in return for signing that Agreement, you do not need to return any of that money at this time. However, as a result of Plaintiff seeking this order from the District Court, Better may seek to reduce any damages awarded to you by the $5,000 payment or may seek to recover the payment from you.

_____In addition, the District Court ordered that ~~based on Better's prior conduct in this lawsuit~~, until it issues further notice ~~of the Court~~, Better ~~(and its attorneys) are ordered~~must seek approval to communicate with you and ~~all~~other potential class and collective members regarding the ~~subject matter of this lawsuit only in writing and only with Court approval. To date, the Court has not approved any communication with you by Better (or its attorneys) regarding the subject matter of this lawsuit other than sending you this Notice. If you receive any~~lawsuit, and that such communications ~~from Better (or its attorneys) regarding this lawsuit that (i) is not in writing, or (ii) does not state that the communications were pre-approved by the Court, please contact Plaintiff's lawyers immediately.~~may only be in writing.

4. What if I want more information?

_____Copies of Plaintiff's operative Complaint, the parties' briefs regarding this Notice, and the District Court's Order ~~voiding the Waiver Agreements and~~ authorizing this ~~notice~~Notice, are attached with this Notice. You may also review them by clicking or visiting this URL:

-6-

_____[insert NK document page website link].

_____Or, you may also review them by creating or accessing an account through PACER:

_____https://pacer.login.uscourts.gov/csologin/login.jsf?pscCourtId=CACDC&appurl=https://ecf.cacd.uscourts.gov/cgi-bin/pacer_showpage.pl?16

~~More information about the lawsuit is available at https://www.nka.com/cases/employment-cases/better-mortgage.html.~~  You can also obtain more information by contacting Plaintiff's attorneys ~~who seek to represent you~~ in this lawsuit. Plaintiff's attorneys are:

| | |
|---|---|
| Matthew Helland | C. Andrew Head |
| Daniel Brome | Bethany Hilbert |
| NICHOLS KASTER, LLP | HEAD LAW FIRM, LLC |
| 235 Montgomery St., Suite 810 | 4422 N. Ravenswood Ave., Suite 3 |
| San Francisco, CA  94104 | Chicago, IL 60640 |
| Telephone: (415) 277-7235 | Telephone: (312) 690-7765 |
| Facsimile: (415) 277-7238 | Facsimile: (404) 796-7338 |
| forms@nka.com | bhilbert@headlawfirm.com |

~~Contacting Plaintiff's counsel is confidential and without charge or obligation, and will not be disclosed to Better.~~

~~PLEASE DO~~THE DISTRICT COURT HAS REQUESTED THAT YOU NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE OR THE LAWSUIT. ~~VISIT [WEBSITE URL] FOR FURTHER INFORMATION AND ANNOUNCEMENTS REGARDING THE LAWSUIT. NOTICE OF ANY RULINGS OR CASE UPDATES WILL BE POSTED ON THE WEBSITE.~~ Better will request permission from the District Court to respond in writing to any questions that you submit to Better regarding this Notice or the lawsuit.

NO ACTION IS REQUIRED FROM YOU AT THIS TIME.

-8-