UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01784-JLS-KES                                                       Date: July 21, 2022
Title:  Lorenzo Dominguez v. Better Mortgage Corporation

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Dolores Ramos  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REGARDING PARTIES' NOTICE OF DISPUTES REGARDING COURT-APPROVED CURATIVE NOTICE (Doc. 93)**

Before the Court is the parties' Notice of Disputes Regarding Court-Approved Curative Notice.  (Notice, Doc. 93.)  On May 17, 2022, the Court granted in part Plaintiff's Motion to Invalidate Uncounseled Releases and Waiver Agreements Obtained *Ex Parte* and for Corrective Notice.  (Order, Doc. 91.)  The Court invalidated "the Employment Agreements and Release Agreements as to any employee who was already employed at the time the agreements were presented."  (*Id.* at 12.)[1]  The Court also ordered "Defendant to send a Court-approved curative notice to any employee who signed the Employment Agreement and who was not a new hire at the time of signing."  (*Id.*)  And the Court directed the parties to meet and confer regarding language for the curative notice.  (*Id.*)  The parties have identified several disputes regarding proposed language for the curative notice, which they ask the Court to resolve.  (Notice, Doc. 93.)  The Court addresses the disputes below.

*First*, the parties disagree about the scope of this Court's order.  (*Id.* at 3.)  Plaintiff notes that Defendant "takes the position that the Court's Order invalidating" the

---

[1] The Court refers to the Employment Agreements and the Release Agreements as "Agreements."

**CIVIL MINUTES – GENERAL**                                                                                   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01784-JLS-KES                                                           Date: July 21, 2022
Title:  Lorenzo Dominguez v. Better Mortgage Corporation

Agreements "was limited in its impact as to only potential California Rule 23 class members, and even as to them, only that small subset of potential California Rule 23 members who were presented with <u>both</u> a Release Agreement and an Employment Agreement." (*Id.* at 3.) The Court's Order did not limit itself to only potential class members in California or to those presented with both a Release Agreement and an Employment Agreement. Instead, the Court's Order invalidated the Release Agreement *and* the Employment Agreement as to all putative class members. (*See*, *e.g.*, Order at 7-11, Doc. 91.) Indeed, Defendant's argument ignores that the Court also identified several deficiencies regarding the Release Agreement apart from the deficiencies associated with the Employment Agreement. (*Id.* at 9-11.)

      Plaintiff also notes that Defendant improperly seeks "to limit the curative notice to those employees who were presented with the Agreements on October 19, 2020, thereby excluding from the scope of the Court's Order those employees who began working *after* October 19, 2020 and who . . . had already worked hours bringing them within the putative nationwide opt-in FLSA collective action claims at the time of presentment, but were not presented with Agreements until days, weeks, or months after the initial rollout." (Notice at 6, Doc. 93.) The Court agrees. The Court's Order requires curative notice to employees who signed one of the at-issue agreements "and who was not a new hire at the time of signing." (*See*, *e.g.*, Order at 12-13, Doc. 91.)

      *Second*, Plaintiff identifies several issues with Defendant's proposed curative notice language, and notes, for example, that "Defendant's language seeks to create doubt or confusion as to whether the Court's Order definitively impacts them" and includes information contrary to this Court's Order. (Notice at 8-13 (listing several objections), Doc. 91.) The Court finds, as a whole, that Plaintiff's objections are well-founded. For example, Defendant included language that putative class members, if they signed a Release Agreement and received $5,000 in return for signing the agreement, "do not need to return any of that money at this time." (Ex. A-2 (Defendant's Proposed Curative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01784-JLS-KES                            Date: July 21, 2022
Title: Lorenzo Dominguez v. Better Mortgage Corporation

Notice) at PDF Page 7, Doc. 93-2.) Defendant's proposed language suggests that putative class members may be required to return any money paid, which has no basis in the Court's ruling. Instead, the Court ruled that Defendant was prohibited "from requesting reimbursement of any payments made." (Order at 12, Doc. 91.)

Defendant also introduces uncertainty as to the impact of the Court's Order by replacing Plaintiff's proposed language that "the Court has ordered that those agreements are VOID as to any claims asserted in this case" with "the District Court has issued an order that may affect your ability to participate in the above-captioned lawsuit." (Ex. A-2 (Defendant's Proposed Language) at PDF Page 2, Doc. 93-2.) However, the Court's Order provides that the agreements are invalidated, and therefore, the agreements have *no* impact on a putative class member's ability to participate in this action. Defendant's change to Plaintiff's language only obfuscates the impact of this Court's Order. Certain of Plaintiff's other objections also illustrate that Defendant's proposed changes or lack of certain language will create confusion regarding the Order's impact on putative class members. (*See* Notice at PDF Pages 8-13 ¶¶ 1, 3-5, 9, Doc. 93.) Accordingly, the Court sustains Plaintiff's objections as noted above.

*Third*, Defendant notes that Plaintiff's proposed curative notice is improperly argumentative and "advocates for his position on the merits of his claims or sets forth a premature damages calculation." (*Id.* at PDF Pages 16-17.) Defendant provides the following examples from Plaintiff's proposed curative notice as improperly argumentative:

- "California state law, which – unlike the federal law – does not allow [B]etter to claim any special exemption from owing overtime due to paying underwriters more than $107,532 annually (Beginning 2020; $100,000 in years prior)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01784-JLS-KES            Date: July 21, 2022
Title: Lorenzo Dominguez v. Better Mortgage Corporation

- "Plaintiff contends that the likelihood of prevailing on California claims is even higher than on federal overtime claims for employees paid those amounts."

- "By way of example, Plaintiff calculates that an underwriter earning a salary of $100,000 per year and working 10 hours per week of overtime would be entitled to $721.15 per week of unpaid overtime wages."

- "Assuming only one missed meal period or rest period each day, an employee with the compensation described above would be owed $19,998.33 over a one year period in premium payments alone."

- "Plaintiff also contends that underwriters are owed an additional amount in California law penalties of up to $4,000 per employee for failure to provide accurate wage statements, and (for employees whose employment terminated for any reason) up to 30 days of pay as a penalty for failing to pay all wages due at termination (i.e., an additional $18,460), in addition to any amount determined to be owed for unreimbursed business expenses incurred while working remotely."

- "The above discussion is only a sample hypothetical calculation."

(*Id.* at PDF Pages 16-17.) The Court finds the above information unnecessary for purposes of the curative notice. If the Court had found the Agreements waivable, then the Court could find some of the above information necessary. However, the Court's Order invalidated the Agreements as to putative class members. As a result, communicating additional information about Plaintiff's calculations as to the value of certain claims is unnecessary. The Court notes that the purpose of the curative notice in this case is to provide a general overview of the instant action, the reasons why the Court invalidated the agreements, the impact that the Court's Order has on a putative class member's ability to participate in this action, and whom putative class members may contact regarding the action. The parties are to work together, in good-faith, to ensure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01784-JLS-KES                                                      Date: July 21, 2022
Title:  Lorenzo Dominguez v. Better Mortgage Corporation

that the curative notice fulfills these purposes and does not include unnecessary posturing.  The Court notes that the curative notice here should be relatively simple, and to the extent the parties need further guidance, they can refer to prior approved curative notices in other actions.  *See*, *e.g.*, *Marino v. CACafe, Inc.*, 2017 WL 1540717, at *5 (N.D. Cal. Apr. 28, 2017) (Exhibit A).

*Fourth*, "Plaintiff requests an order requiring Defendant to file a notice of compliance with the Court confirming that it has distributed the curative notice by description of the notice list inclusion criteria applied, and identifying the curative notice recipients by employee identification number." (Notice at PDF Pages 13-14, Doc. 93.)  The Court finds Plaintiff's request appropriate.  To the extent any disputes arise as to which employees should receive the curative notice, the parties may raise such objections.

*Fifth*, Defendant "requests clarification regarding its ability to respond to inquiries from employees regarding the lawsuit." (*Id.* at PDF Page 20.)  Defendant "requests permission to respond to such inquiries by telling employees that:  'Although Better denies the allegations in the *Dominguez lawsuit*, Better cannot advise employees on whether to participate in the lawsuit and cannot provide further comment at this time.'" (*Id.*)  The Court notes that Defendant may propose such language for the curative notice, and direct employees to the curative notice.  Defendant also seeks permission "to discuss wage and hour matters (as opposed to the lawsuit specifically) with employees and obtain factual information to defend itself in this litigation." (*Id.* at PDF Pages 19-20.)  However, this approach would circumvent this Court's order requiring that *ex parte* communications regarding the subject matter of this litigation be done in writing and with prior court approval.  (Order at 12-13, Doc. 91.)  Given the Defendant's history of misleading and coercive communications, the Court denies Defendant's request.[2]

---

[2] Defendant takes issue with Plaintiff's labeling of the agreements as "Waiver Agreements."  The Court notes that Plaintiff's description is unnecessary and should refer to the agreements simply as "Agreements."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01784-JLS-KES                                                      Date: July 21, 2022
Title:  Lorenzo Dominguez v. Better Mortgage Corporation

      The Court ORDERS the parties to provide an updated proposed curative notice in line with the Court's rulings above within fourteen 14 (days) of this Order's issuance.  To the extent there are disputes regarding any language, the parties shall include in the same proposed curative notice, their versions of proposed language for a particular section.  The parties shall email the Courtroom Deputy with a Word version of the proposed curative notice.  The parties may also include any supplemental briefing necessary to explain any additional concerns.  Upon the parties' filing, the Court will take the matter under submission and make its ruling on the final language for the curative notice. The Court further advises the parties that if any party proposes a notice that clearly conflict with the multiple orders the Court has now issued, the Court may award attorneys' fees to the other side.

**IT IS SO ORDERED**.

                                                                                                                                      Initials of Deputy Clerk: dr